## F. W. Woolworth Co. *v.* Freeman.

(In Banc. Jan. 25, 1943. Suggestion of Error Overruled Feb. 15, 1943.)

[11 So. (2d) 447. No. 35110.]

John F. Frierson, of Columbus, and Jackson, Young & Friend, of Jackson, for appellant.

W. L. Sims, of Columbus, for appellee.

Argued orally by **Forrest B. Jackson,** for appellant.

**Smith, C. J.,** delivered the opinion of the court.

The appellee, an employee of the appellant, was injured by a fall received by her while at work at the appellant's store. She brought this action for damages against it, alleging its failure to furnish her with a safe place to work, or rather with a way to, or appliance with which to, do the work. The appellant introduced no evidence except that of a physician which has no bearing on the appellee's fall or the cause thereof. It requested but was refused a directed verdict in its favor. The evidence discloses that the appellant is engaged in the retail mercantile business at Columbus, Mississippi, the appellee being one of its saleswomen. Along the wall on one side of one of the rooms in which the appellant's business is conducted are shelves, the top one being beyond the reach of one standing on the floor. Parallel with this wall and shelves is a counter with a shelf under it about two feet from the floor. One of the shelves along the wall projected several inches into the space between them and the counter. Merchandise was stored on these shelves, including the topmost, and it was the duty of the saleswomen when a purchaser desired an article on any of them, including the topmost, to get it for him. No appliance, method or way was provided by the appellant for reaching this top shelf. When the appellee was injured she was attempting to get a lamp shade from this top shelf for a customer who was there then and desired to purchase it. In order to do this she stepped with

her right foot on the shelf under the counter, placed her left knee on the extension of the opposite shelf, caught hold of a higher shelf with her left hand and raised herself thereby high enough to reach the top shelf. She then caught the lamp shade with her right hand when her left hand slipped from the shelf to which she was holding, causing her to fall to the floor, severely and permanently injuring her back according to her and her physician's testimony.

The method here used by the appellee to obtain this lamp shade was that which the appellant's employees for several years had been accustomed to use with its knowledge and without its disapproval. She herself had been so accustomed and no injury had theretofore resulted therefrom. A former employee of the appellant, a witness for the appellee, also so testified, and in answer to this question:

"Q. That was a method, was commonly used? A. That method and there was what was known as a caramel box, just about this high and so wide. If you were so minded to get you a caramel box from the principal stock room and behind the counter or just wherever you find it, it was all right. I have turned stock baskets over.

"Q. You get the box? A. Just any way you could get it you got it."

The appellant's contentions in this connection are, first, that its duty to furnish its employees with a safe place in which, or appliance with which, to work was not here violated, and, second, that the appellee's testimony as to how she received her injury is such that a jury should not be permitted to act on it.

*As to the Appellant's Negligence.* It was the appellant's duty to furnish its employees with a way or appliance for obtaining merchandise stored on this top shelf, which, as hereinbefore stated, could not be reached by one standing on the floor. This duty it wholly failed to discharge. What it did was to let its employees select

the way of getting to this shelf. Their usual way of getting to it was that here adopted by the appellee, this custom, as hereinbefore stated, was known to and not disapproved by the appellant, the equivalent of its having designated that as the or a way for obtaining access to this shelf, and whether or not this was a reasonably safe way for obtaining access to this shelf was for the determination of the jury. But it is said that the appellee could have obtained access to this shelf in another way that would have been perfectly safe, that is by getting a box and standing on it. Before the appellant can rightfully say that the appellee selected a hazardous way of reaching this shelf when another safe way was available to her, that is the use of a box to stand on, the burden is on it to show that such a box was readily accessible to her, as to which the evidence is silent. Moreover, had it appeared that the appellant had furnished a suitable box readily accessible to the appellee on which to stand and reach this shelf, she could not, in the light of what has been heretofore said as to the appellant's approval of the way here adopted by the appellee for reaching the shelf, be held to have assumed the risk attendant on the use of the way she adopted. It is true "the general rule is that, where there are two ways in which work may be done, one safe or reasonably safe and the other hazardous, and the servant knowingly adopts the hazardous method of doing the work, he is held to have assumed the risk of so doing and cannot recover for any injuries sustained thereby, and the general rule has been held applicable, although other employees of the master also adopt the dangerous method of doing the work.

"Limitation of this rule is that to constitute assumption of risk by the servant through choice of a more dangerous method it is not enough that he knew of a safer way, but the safer way must have been reasonably available to him. Further, where there are two ways in which a servant may do a particular thing, one of which

is dangerous and the other not so dangerous, both however furnished by the master with the intention that the servant may at his discretion use either, the servant does not assume the risk of injury by choosing the more hazardous method of work." 39 C. J. 766-768.

This brings us to the conflicts in the appellee's testimony because of which the appellant says she is unworthy of belief. She first stated that when she attempted to reach the floor after obtaining the lamp shade she stepped on a small box she did not know was there, which turned and caused her to fall. She afterwards stated that this was not what occurred and that she did not step on a box and did not see one there or near thereto until sometime after she had fallen. When she fell she went to the appellant's rest room and laid down for a short while and then returned to the place of her accident and then for the first time saw a small box there. This conflict in her testimony would not have justified the court below in refusing to permit the jury to consider it, but simply presents a case for the jury's determination.

Returning again to the negligence vel non of the appellant and its claim that the appellee should have used a box on which to stand in reaching this shelf, it does not appear either that the appellee knew that this box was there when she attempted to reach the shelf, or that it was the type of box on which she could safely stand.

One other contention of the appellant is that the court below erred in permitting the appellee to testify further after she had rested her case and after a motion to exclude her evidence had been made. No error here appears; on the contrary, the court below would have abused its discretion had it not permitted the introduction of this evidence.

Affirmed.

**Alexander, McGehee,** and **Griffith, JJ.,** dissenting.