POSEY *v.* WEATHERSPOON

No. 40023          March 12, 1956          85 So. 2d 909

*Cunningham & Cunningham,* Booneville, for appellant.

*Adams, Long & Adams,* Tupelo, for appellee.

ETHRIDGE, J.

Appellant, Tulane E. Posey, was defendant in the Circuit Court of Lee County in a suit brought by appellee, Tennessee Weatherspoon, for damages for injuries to her resulting from a collision of the two automobiles of the parties on March 8, 1954.

The jury rendered a verdict for appellee in the amount of $3,000, and on this appeal from a judgment based upon that verdict appellant contends that the verdict is against

the great weight of the evidence, and that an erroneous instruction was given appellee.

We have considered carefully the evidence, but no purpose will be served by detailing it. In addition to the testimony of plaintiff in support of her version, there were three disinterested eyewitnesses who testified for her. The substance of this evidence was that the defendant had been driving on the wrong side of the highway for at least 117 feet immediately before the collision with the car in which plaintiff was riding, which was on its right side of the road; that at about 20 feet before the collision plaintiff's car attempted to turn to the left to avoid defendant's car, which was in the wrong lane; and that the collision occurred at about the center of the highway. The defendant and his wife testified, on the other hand, that they were on their right side of the road when the collision occurred. Defendants also offered several other witnesses who testified as to contradictory statements allegedly made by the highway patrolmen concerning their findings when they arrived at the scene of the accident about 30 minutes after it occurred. The two patrolmen testified for plaintiff as to the physical facts they observed when they arrived. They confirmed the version of plaintiff's witnesses. The conflicts in the testimony were for the jury to resolve, and it did so adversely to appellant's version. The evidence was ample to support the verdict.

Appellant argues that the appellee on cross-examination contradicted in material particulars her testimony on direct examination. However, the jury had the right to find that her entire testimony was reconcilable, that she was confused on cross-examination about what happened in the last 20 feet before the impact, and that viewing her testimony as a whole, it was in accord with that of the three eyewitnesses, and the two highway patrolmen. A jury has the right to appraise contradictions within the testimony of a witness, and to de-

termine for itself at what point she is telling the truth and at what point she is confused or testifying falsely. 32 C. J. S., Evidence, Section 1040 (c), pages 1112-1113.

The leading case on this point in Mississippi is F. W. Woolworth Company v. Freeman, 193 Miss. 838, 849, 11 So. 2d 447 (1943). Also in accord are Anderson v. King, 63 So. 2d 792 (Miss. 1953); Byrd v. Masonite Corporation, 67 So. 2d 724, 726 (Miss. 1953); Thompson v. Thomas, 69 So. 2d 238, 240 (Miss. 1954); and Mutual Life Insurance Company of New York v. Rather, 73 So. 2d 163, 165 (Miss. 1954).

For these reasons plaintiff's instruction No. 3 was properly given, since it set forth her theory of negligence by defendant.

Appellee in her brief withdrew her cross appeal on the quantum of damages, so that issue is not before us.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.