BUNTYN *v.* ROBINSON

No. 40744          April 21, 1958          102 So. 2d 126

*Snow, Covington & Shows,* Meridian, for appellant.

*Roy N. Lee,* Forest, for appellee.

GILLESPIE, J.

Appellee, plaintiff below, sued appellant, defendant below, for personal injuries sustained in an automobile collision wherein the negligence charged was (1) excessive speed, (2) failure to exercise control over his automobile, and (3) unlawfully operating his automobile immediately behind another being driven by one Holder, a co-defendant as to whom appellee suffered a voluntary nonsuit. At the conclusion of the evidence, the trial court directed a verdict for appellee on the issue of liability, and upon the jury's assessment of damages a judgment was entered against appellant.

The sole question is whether the lower court erred in directing a verdict for appellee on the issue of liability.

The rule to be applied in determining whether a party is entitled to a directed verdict has been stated in many of our cases. The Court must look solely to the testimony in behalf of the party against whom the directed verdict is requested, and, taking that testimony as true, along with all reasonable inferences which could be drawn therefrom favorable to said party, if it could support a verdict for him, the directed verdict should not be given. We state the facts with this rule in mind, which is to say, that the evidence favorable to appellee will not be stated. We do not decide whether the evidence is overwhelming in favor of appellee. That question is not before us. Even where the evidence is

such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight of the evidence, it does not necessarily follow that a party is entitled to a directed verdict. Yazoo & M. V. R. R. Co. v. Pittman, 169 Miss. 667, 153 So. 382; Fore v. A. & V. Railway Co., 87 Miss. 211, 39 So. 493.

The collision occurred at night about fifty feet south of the intersection of Highway 15 and a gravel road known as Stratton Road. Highway 15 is paved and runs north and south from Union to Decatur. The Stratton Road intersects Highway 15 at a slight angle so that one approaching Highway 15 from the west travels a few degrees south of due east until within about 80 feet of Highway 15. In the center of Stratton Road immediately west of Highway 15 is a neutral ground covered with grass and there are two graveled approaches to Highway 15, one curving left for use when turning north on Highway 15, and one curving right for use in turning south on Highway 15. About 140 feet north of the center of the said intersection is the crest of a grade from which Highway 15 slopes down grade about a half mile, the crest of this grade being six feet higher than the grade at the intersection. Highway 15 is straight both north and south of the intersection as far as one can see.

Appellant was traveling south on Highway 15 at a speed of about 55 miles per hour following an automobile driven by one Holder, who was also going south on Highway 15 at about 55 miles per hour. As the Holder automobile approached the intersection, appellee's automobile, driven by one Slaughter, came into the highway from the west off of the Stratton Road, two or three car lengths in front of Holder's automobile and appellee's automobile went over the center line so that Holder had to turn left off the highway onto the gravel to go around appellee's automobile. Holder saw no lights on appellee's automobile. Appellant saw Holder's brake lights flash when Holder started around appellee's vehicle, but

did not see appellee's automobile until Holder went around it, at which time appellee's automobile was an estimated forty or fifty feet in front of appellant, and was headed south on Highway 15 straddling the center line with no tail lights burning, and traveling slowly. Appellant applied his brakes and skidded an undetermined distance straight down his right, or west, side of the highway and struck the rear of appellee's automobile. The left front of appellant's automobile struck the right rear of appellee's, so that the left headlight of appellant's automobile left a plainly visible imprint on the rear of appellee's automobile about one foot to the right of the center, as shown by a photograph appearing in the record.

██ █ We are of the opinion that it was error to take the case from the jury. There was no direct evidence that appellant was traveling in excess of fifty or fifty-five miles an hour immediately before the collision, and it cannot be said as a matter of law that his speed was negligence and a proximate cause of the collision. Neither could the Court say as a matter of law that appellant was following Holder so closely as to constitute negligence proximately contributing to the collision. The estimate of the distance appellant was following Holder was 300 feet, but from all the facts the jury could have found it to be less.

The main question, as it appears to us, was whether appellant exercised reasonable control over his vehicle or whether he negligently failed in this regard. We do not think the court could safely say this was not a jury question under the evidence. The jury could either have found that appellant was following Holder at a distance of about 300 feet, or at a considerable less distance. The jury could have found that appellee's vehicle stopped (as required by a stop sign at the approach to Highway 15 from the Stratton Road) and entered Highway 15 at a time when neither Holder's nor appellant's vehicle

was in sight, or it could have found that appellee's vehicle entered Highway 15 when Holder was only a few car lengths away and right in front of the latter's automobile. The jury could have found that all of the lights were burning on appellee's vehicle or it could have found that it entered the highway without lights. The jury could have found that appellee's vehicle entered Highway 15, and turned south in the west lane without ever crossing the center line, or it could have found that it went over the center line into the east lane of Highway 15. The jury could have found that when appellant saw appellee's vehicle it was in the right, or west, lane of Highway 15, or it could have found that it was straddling the center line so as to partially block both lanes. The jury could have found that appellant saw or in the exercise of reasonable care should have seen appellee's automobile in time to bring his automobile to a stop before striking appellee's automobile; but on the other hand, it could have found that in the exercise of reasonable care appellant did not observe appellee's automobile until Holder left the highway to the left and that at that time there was not sufficient distance between appellant's and appellee's automobiles to enable appellant to stop. Of course, the jury could take into account the time it would take for appellant to react and apply his brakes.

Whether appellant saw or should have seen appellee's vehicle in time to have stopped; whether appellant should have turned into the left lane; whether under all the circumstances appellant, in the exercise of reasonable care, could have brought his automobile under control so as to avoid the collision; or whether the sole proximate cause of the collision was the manner in which appellee's vehicle was driven into the intersection—all these questions were for the jury under proper instructions of the court.

Appellee contends that appellant's testimony made out a case of liability against him and that he is bound

by such testimony under the rule laid down in Bradshaw v. Stieffel, 92 So. 2d 565. Appellant's testimony touching on this contention had to do with the distance he was following the Holder automobile, when he saw that automobile start around appellee's, how far he was from appellee's automobile when he first saw it, and when he applied his brakes, all of which concerned the question whether appellant had reasonable control of his automobile under the circumstances. The distances involved in this testimony clearly and obviously were estimates. Taken in isolation, some of his statements made out a case of liability, but these statements were approximations and not statements of positive and definite facts requisite to bring the case within the principle of the Stieffel case. There were inconsistencies in appellant's testimony which quite probably would have militated against him if the jury had passed upon it; but they were not of that positive and definite character necessary to make them fatal to his case.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Arrington,* and *Ethridge, JJ.,* concur.