JESTER *v.* BAILEY.

No. 41532 October 10, 1960 123 So. 2d 442

*Ben M. Caldwell,* Marks; *Brewer, Brewer & Luckett,* Clarksdale, for appellant.

*J. L. Roberson, Shed Hill Roberson,* Clarksdale; *Denton* and *Gore,* Marks, for appellee.

Ethridge, J.

Appellee Fred C. Bailey brought this action for damages in the Circuit Court of Quitman County against appellant E. A. Jester, for personal injuries received by Bailey in a collision. The circuit court gave plaintiff a peremptory instruction on liability, and submit-

ted to the jury the issue of damages. It awarded appellee $25,000.

The question is whether the trial court erred in directing a verdict for Bailey on the issue of liability. In appraising it, the court must look solely to the testimony in behalf of the party against whom the directed verdict is requested, and, taking that testimony as true, along with all reasonable inferences which could be drawn from it favorable to that party, if it could support a verdict for him, the directed verdict should not be given. In short, on this issue we consider only the evidence of appellant and favorable, reasonable inferences from it. With this rule in mind, we state the facts, which the jury might find, without reference to conflicts presented by appellee's evidence. Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126 (1958).

The collision occurred on a paved county road which runs north and south. Bailey was picking cotton in fields east of the road, and parked on part of the paved portion of the road a tractor and three trailers, headed north. He was hitching the trailers to the tractor. They were half on and half off the paved portion of the road, at least two feet on it. It was after dark, and the night was dark, dusty, hazy and foggy, with no moon shining. The trailers had no rear lights, signals or reflectors of any kind on them. Bailey did not put out any flares to indicate their presence. There was sufficient room to have placed them off the traveled, paved portion of the highway.

Jester had been supervising some farm work on his place about two miles southeast of the trailers. When he left the fields, he turned the headlights on his pickup truck and proceeded east to the paved road, and then north up it. The road was perhaps not as wide as the average 20-foot width of highway in this state. Jester was driving twenty to twenty-five miles an hour on his, the right, side of the road, when he met an oncoming car going south with its lights on. He dimmed his lights

and passed the car 122-150 feet south of Bailey's trailers. He slowed down to about 15 miles an hour. The lights of the oncoming car had temporarily diminished his vision to some extent. After he had passed the car "a little ways", he turned his lights back up. He did not increase his speed. He then saw looming before him in the dark the parked trailers about 15-20 feet away. They were of a dark, weathered color, and not easily visible in the hazy darkness. He jammed on his brakes and turned sharply to the left. The middle of his right front fender hit the rear trailer. This knocked the parked vehicles into Bailey, who was standing between them, trying to hitch them together.

During a lengthy cross-examination of defendant, plaintiff's counsel asked him whether he was driving in a situation where he could not stop in the distance he could see, to which Jester replied, "That's right." However, in other testimony, Jester stated that it was a hazy and dusty night, hard to see; he was "looking out for anything" on the road; he was going only about 15 miles an hour when he passed the oncoming car; he was driving so as to be able to stop within the distance of his headlights; and as soon as he saw the trailers, he put on his brakes and turned to miss them.

██ █ After careful perusal of the record, we conclude that the trial court was in error in granting a peremptory instruction against appellant on the issue of liability. It is clear that, if the jury believed defendant's testimony, plaintiff was negligent in parking his trailers half on and half off the highway on a dark, moonless night, without any rear lights, reflectors or flares. Such a failure is a violation of the statutes. Miss. Code 1942, Recompiled, Secs. 8215, 8229-02, 8229-03, 8229-15. See Also 5A Am. Jur., Automobiles, Secs. 410-411. If the jury accepted defendant's evidence, plaintiff violated these statutes and was guilty of negligence which was a proximate cause of his injuries.

The question here is whether the jury would have been warranted in finding that Bailey's negligence was the sole, proximate cause of his injuries; or, stated differently, whether it would be warranted in finding that Jester was not guilty of any negligence proximately causing Bailey's injuries. We think it would.

Appellee argues that appellant's testimony shows he was driving his truck under circumstances where he could not stop to avoid an accident within the range of his lights, and his negligence in this respect contributed to the collision; that Bailey's contributory negligence, if any, would only serve to diminish the damages, under the comparative negligence statute, Code Section 1454.

However, the jury would find that Jester was keeping a careful lookout, driving at a slow rate of speed so as to be able to stop within the range of his vision, but because of the darkness and haze of the night, and the weathered, dark color of the trailers parked on the highway, without lights, Jester was not able to perceive them until he was almost upon them; that the passing of the oncoming car below the point of impact had temporarily diminished his vision, but Jester reduced his speed substantially and as quickly as reasonably possible. The darkened trailers loomed up in front of him before he, in the exercise of reasonable care, could avoid them.

Mississippi has applied in several cases the following rule, as summarized in Anno., 22 A. L. R. 2d 300; "The situation where a motorist proceeding on the highway has his vision interfered with by glaring or dazzling lights has, in several jurisdictions, been regarded as calling merely for the application of the general rule requiring motorists to operate their vehicles so as to be able to stop within the assured clear distance ahead. Where this rule is applied, it is usually said that the motorist blinded by lights must either stop (if his vision is cut off completely) or proceed at such a rate of speed and with such control of his vehicle as to be able to stop

in time to avoid any discernible object in the road ahead.'' B. Kullman & Company v. Samuels, 148 Miss. 871, 883-884, 114 So. 807 (1927); Terry v. Smylie, 161 Miss. 31, 133 So. 662 (1931); Miss. Power & Light Co. v. Lembo, 202 Miss. 532, 32 So. 2d 573 (1947); Frazier v. Hull, 157 Miss. 303, 127 So. 775 (1930); see also, 5 A Am. Jur., Automobiles, Secs. 331-335; 60 C. J. S., Motor Vehicles, Sec. 293.

However, this rule is not a hard and fast one which will preclude recovery in every case in which a motorist fails to stop and collides with an object on the highway. The particular facts and circumstances of each case must be considered. Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 721, 50 So. 2d 578 (1951). This is a well-established limitation upon the range-of-lights rule in this state and elsewhere. The annotation in 22 A. L. R. 2d 304, citing numerous cases, says: ''Strictly applied, the rule that a motorist blinded by the lights of approaching cars must either stop or control his car so as to be able to stop in time to avoid collision with any discernible object in the road ahead allows little chance for a motorist who is so blinded and strikes such an object to escape the imputation of negligence. However, it has frequently been recognized that the rule is subject to certain exceptions and qualifications tempering its harshness.''

On the other hand, many of the courts, not including Mississippi, have found that the above-stated rule, even with its exceptions and qualifications, is impractical under modern traffic conditions, and have refused to adopt it, applying instead the more flexible standard of ordinary care under the circumstances. 22 A. L. R. 2d 310.

The common-law rule that the operator of a motor vehicle must drive at such a speed as to be able to stop or control the vehicle within the range of his vision is not an inflexible one, and is not invariably applicable, but is subject to exceptions and limitations. They are grounded on the doctrine that, under all of the circum-

stances of the particular case, the exercise of ordinary care would not necessarily have prevented the accident. 1 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed. 1948), Sec. 751; Planter's Wholesale Grocery v. Kincaid, supra. The range-of-vision rule is not an arbitrary rule of thumb to require "infallibility of the nocturnal motorist." The motorist must keep his car under such control that he can stop within the clear and unobstructed distance ahead of him, but in determining whether he should be held responsible, the character, appearance, and visibility of unlighted vehicles parked on the road must be taken into consideration. 1 Blashfield, ibid., Sec. 751; Thomas v. Thurston Motor Line, 230 N. C. 122, 52 S. E. 2d 377, 383 (1949); Carter v. LeBlanc Lumber Co., 37 So. 2d 471, 476 (La. 1948); see also 1 Blashfield, ibid., Sec. 752, (statutory rule of "assured clear distance ahead.")

██ █ We think the circumstances and facts here do not warrant as a matter of law application of the rule pertaining to the range of lights of vision. The facts fall outside of its boundaries. Several cases illustrate and support this conclusion. In Rhodes v. Fullilove, 161 Miss. 41, 134 So. 841 (1931), plaintiff's disabled car was parked on part of the highway without lights. The driver of defendant's truck, going in the same direction, was temporarily blinded by the lights of a car parked north of the disabled vehicle, on the same side, trying to assist the stalled car. Plaintiff was injured when defendant's car pulled to the right to avoid collision and plaintiff jumped in its way. He appealed from a jury verdict for defendant, and the case was reversed because of certain erroneous instructions. However, it was held that plaintiff was not entitled to a directed verdict on liability, and it was a question for the jury as to what was the proximate cause of the injury.

Planters Wholesale Grocery v. Kincade, supra, reflects that appellee's car collided with appellant's truck, which was parked at night on the highway, without any

lights. The jury returned a verdict for appellee, but defendant argued that it was entitled to a peremptory instruction, because negligence of the plaintiff in the method of driving his approaching car was the proximate cause of the accident. Rejecting that contention, the court, quoting a Louisiana case, held that the general rule as to control of an automobile within the range of its lights ''is not a hard and fast one''. The particular facts and circumstances must be considered in each instance. The evidence was sufficient to support a jury finding that appellee was driving along the highway in a careful manner, and acted as a reasonably prudent driver would have acted in the emergency confronting him.

In Solomon v. Continental Baking Co., 172 Miss. 388, 160 So. 732 (1935), it was observed that the negligence of a defendant in parking his truck on the road at night without a signal light could become under some circumstances the sole, proximate cause of the collision. Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126 (1958), involved a case where the plaintiff turned out on the highway going south without any rear signal lights on his car. Defendant coming over a hill did not see him in time to avoid running into the rear of his car. A peremptory instruction granted plaintiff on liability was reversed. It was said that whether defendant exercised reasonable control over his vehicle or he negligently failed in this regard was a question for the jury.

These principles are applicable in the instant case. The court should have submitted the issues pertaining to liability as well as damages to the trier of fact. It was error to refuse the instruction requested by appellant to this effect: If the jury believed it was dark, and plaintiff did not have rear signal lights on the trailers, and that they were parked on the highway, and if the above acts were the sole, proximate cause of the plaintiff's injuries, then it should find for defendant. Whether Jester's conduct under the facts and circumstances

was negligent, and whether it was a proximate cause of plaintiff's injuries, involves consideration by the jury of many factors, including the speed of the vehicle, the precautions taken to avoid collision, the amount of warning available, and the color and height of the trailers, the extent of darkness and haze in the vicinity, and the duration of the glare from the oncoming car. See 22 A. L. R. 2d 343, et seq.; 1 Blashfield, ibid., Sec. 751. These and other circumstances are concerned with the question of whether appellant had reasonable control of his automobile under the circumstances. The distances involved in the testimony clearly were estimates.

Taken in isolation, some of Jester's statements indicated liability, but these were approximations and not those of positive fact. For example, Jester's statement at one point, that he was driving in a situation where he could not stop in the distance he could see, was later contradicted by him, when he said he was driving so as to stop within the distance of his headlights. This contradiction was one for the jury to resolve. F. W. Woolworth Company v. Freeman, 193 Miss. 838, 849, 11 So. 2d 447 (1943); Posey v. Weatherspoon, 227 Miss. 189, 85 So. 2d 909 (1956).

Reversed and remanded.

*Hall, P. J.,* and *Lee, Holmes* and *McElroy, JJ.,* concur.