COLLINS *v.* ELLZEY GIN & FEED COMPANY, INC.

No. 41605 December 5, 1960 125 So. 2d 76

*W. H. Watkins,* Tylertown, for appellant.

*Breed O. Mounger,* Tylertown, for appellee.

McELROY, J.

This is an appeal from a final judgment of the Circuit Court of Walthall County, Mississippi, sustaining a motion made on behalf of the appellee, defendant below, to exclude the evidence offered by the plaintiff, the appellant, and to direct the jury to find for the defendant, the appellee.

The suit involves an alleged oral contract of employment, the breach of the contract by the appellee and a demand for damages as a result thereof. The sole question involved is whether or not the testimony of the plaintiff, the appellant, and the stipulations of counsel is sufficient to warrant a jury in finding a verdict for the appellant.

The evidence consisted only of the testimony of the appellant, and the testimony showed that the defendant corporation was organized in 1957 and that appellant had worked for the same business for about eight years prior thereto; that after the incorporation of the business and the completion of the corporate organization, appellant was employed by the president for a term of one year at a salary of $50 per week, plus a $500 Christmas bonus, and under this employment she worked and

was paid at the agreed salary from about March 17, 1957, to September 21, 1957, at which time she was discharged contrary to the terms of her contract.

From the record there are some discrepancies in the testimony of the appellant. However, since this is an oral contract there seems to be enough evidence to make out a prima facie case to go to the jury.

■■ ■ In passing upon the motion of the appellee for a directed verdict, not only all of the testimony of the appellant but all natural and reasonable inferences that might be drawn therefrom under the circumstances are to be taken as true. It was recently announced in the case of Statham v. Blaine, 234 Miss. 649, 107 So. 2d 93, and followed in the case of Williamson v. F. W. Woolworth Company, 237 Miss. 141, 112 So. 2d 529, ''The trial court, in passing on whether the requested peremptory instruction should be given, was required to accept as true all of the evidence for the plaintiff, together with the reasonable inferences therefrom.''

■■ ■ In Posey v. Weatherspoon, 227 Miss. 189, 85 So. 2d 908, this Court held that where the appellee on cross-examination contradicted material particulars of her testimony on direct examination that nevertheless the case should be submitted to the jury. The Court used this language:

''Appellant argues that the appellee on cross-examination contradicted in material particulars her testimony on direct examination. However, the jury had the right to find that her entire testimony was reconcilable, that she was confused on cross-examination about what happened in the last twenty feet before the impact, and that viewing her testimony as a whole, it was in accord with that of the three eyewitnesses, and the two highway patrolmen. A jury has the right to appraise contradictions within the testimony of a witness, and to determine for itself at what point she is telling the truth and at what point she is confused or testifying falsely. 32 C. J. S., Evidence, Section 1040 (c), pages 1112-1113.

"The leading case on this point in Mississippi is F. W. Woolworth Company v. Freeman, 193 Miss. 838, 849, 11 So. 2d 447 (1943). Also in accord are Anderson v. King, 63 So. 2d 792 (Miss. 1953); Byrd v. Masonite Corporation, 67 So. 2d 724, 726 (Miss. 1953); Thompson v. Thompson, 69 So. 2d 238, 240 (Miss. 1954); and Mutual Life Insurance Company of New York v. Rather, 73 So. 2d 163, 165 (Miss. 1954.)"

 We feel that sufficient evidence has been shown uncontradicted and undenied and should go before the jury. Therefore the case is reversed and remanded.

Reversed and remanded.

*Hall, P. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.