SIMMONS *v.* KEYES

No. 42648 May 6, 1963 152 So. 2d 909

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Gartin, Hester & Pickering,* Laurel, for appellee.

JONES, J.

Keyes sued Simmons for personal injuries received in an automobile accident, alleging that the negligence of Simmons was the cause thereof. On the hearing, the lower court granted Keyes a peremptory instruction on the question of liability. The jury returned a verdict for $7,000. The case comes here on appeal.

There are several assignments of error, but the only two argued are the granting of the peremptory instruction and the charge that the verdict is against the overwhelming weight of the evidence.

We think the only real question is whether the court erred in granting the peremptory instruction on liability, and we hold that it did.

The declaration charged that the defendant drove his automobile into the rear end of plaintiff's pickup at a time when plaintiff was traveling in a westerly direction on a bridge known as ''Big Creek Bridge'' on Highway 28. The declaration alleged that the defendant was driving at a dangerous rate of speed; that he failed to keep a proper lookout; that he failed to keep his automobile under reasonable control so as to be able to stop within the range of his headlights. Defendant denied the material allegations of the declaration, and alleged as an affirmative defense that the plaintiff was stopped upon the bridge without any lights on the rear of his truck. Defendant alleged that the negligence of the plaintiff was the sole proximate cause of the collision. On motion for a peremptory instruction, the court held that assuming as true that the plaintiff was stopped upon said bridge without lights, the court was of the opinion that the physical facts were such that the motion should be sustained as to liability.

The court evidently had in mind that the evidence showed the defendant's car had skidded 75 feet: The plaintiff had testified that his lights were on dim; and that under such light he could see 75 feet. The figure of 75 feet was purely an approximation of his and he was not at all sure of his figures.

 █ In considering the court's action in granting the peremptory instruction on the question of liability in a negligence case, we must look only to testimony in behalf of that party against whom the directed verdict is given, and when that testimony is taken as true, along with all the reasonable inferences which could be drawn from it favorably to that party, if it could support a verdict for him, the directed verdict should not have been given.

Proceeding to consider the matter with this in view, we find that there were only two witnesses who testified to the actual occurrence: One was the plaintiff and

the other was the defendant. In order to test the giving of the instruction in accord with the rule above mentioned, it is necessary for us to see what defendant's testimony was.

It is undisputed that the bridge in question was a part of a black-topped highway; that the bridge was black-topped and was something over nineteen feet in width; that the accident happened after dark. It is further undisputed that the defendant was traveling west and was in the north lane — his proper lane — of the highway at the time of the collision.

■■■ The defendant testified that as he approached the bridge several cars were coming toward him and one big truck in particular just before he had his collision. This truck was on the bridge; the lights of the truck were blinding him. He testified that Keyes' truck was more or less the color of the road and he could not see it until he was right on it; that his lights were dimmed because of the cars approaching him. He testified that there were no signal lights or anything on the truck to indicate to him that the truck was there. He had slowed down before he met the truck passing him, and, as stated, had also dimmed his lights. He was traveling about sixty miles an hour prior to the time he got to the bridge and because of the approaching cars and lights, he reduced his speed to about forty miles per hour. He said just a matter of a split second after he passed the truck, which was going east, he saw Keyes' truck ahead of him and then he "really slammed on" his brakes. He said it didn't seem to him that the truck was over thirty or forty feet from him. When he first saw the truck he thought it was moving and testified that if it had been going even at a slow rate of speed he would have missed it. He testified positively that the truck was stopped on the bridge, and that after the accident his lights were put out by the collision but he heard someone get in the

truck, slam the door, start the motor, and drive away. It is undisputed that the plaintiff left the scene immediately after the accident. There were sharp conflicts between the testimony of the plaintiff and the defendant. Of course, if the plaintiff was stopped on the bridge at night without any lights, he was violating the law.

We think it must be considered that the testimony by the defendant as to the distance he could see with his lights was purely an approximation. This appears from his own testimony. Furthermore, we know that there is a period of perception and there is also such a period known as the reaction time after discovery of the necessity for action. It is apparent that the defendant saw something on the bridge before he was within 75 feet of it. Certainly he did not start skidding until he slammed on his brakes, and undoubtedly he had seen the car some little distance prior to the time he started skidding.

Appellee says it is manifest from the facts that defendant was traveling at such a rate of speed that he could not stop within the visibility of his lights. Appellee relies on the case of Robertson, et al. v. Welch, 242 Miss. 110, 134 So. 2d 491 (among others). This case, however, is easily distinguishable from the instant case and we are unable to see where it would have any bearing on the case at bar.

The Robertson case, supra, was decided after the case of Jester v. Bailey, 239 Miss. 384, 123 So. 2d 442, and, of course, was not mentioned in the Jester case. The rule insisted upon by appellee is not an inflexible one, and it is not always applicable. There are exceptions and limitations to such rule, founded on the doctrine that under the circumstances of any particular case the exercise of ordinary care would not necessarily have prevented the accident. In Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126, the Court said:

"The main question, as it appears to us, was whether appellant exercised reasonable control over his vehicle or whether he negligently failed in this regard. We do not think the court could safely say this was not a jury question under the evidence. . . . . ."

If the jury had had an opportunity it could have accepted the testimony of Simmons as true, and could have said that he had not failed in the exercise of ordinary care.

We see no necessity of re-examining and restating the various cases dealing with the assured clear distance rule because the cases both pro and con (including many of those cited by appellee) are analyzed by Judge Ethridge in the case of Jester v. Bailey, supra, and the law is there announced and well stated. We are of the opinion that the court erred in granting the peremptory instruction on liability, and are, therefore, reversing and remanding the case.

Reversed and remanded.

*Lee, P. J., and Arrington, McElroy and Rodgers, JJ.,* concur.