GILLESPIE, Presiding Justice.
Mrs. Gwendolyn Cronier, plaintiff below and appellant here, sued James Denson, defendant below and appellee here, in the Circuit Court of Jackson County for personal injuries sustained in an automobile collision. After both parties rested, the court sustained defendant’s motion for a peremptory instruction, and the case was dismissed. Plaintiff appealed to this Court. We hold that the evidence was sufficient to make a jury issue, and for this reason we reverse and remand.
Plaintiff charged in her declaration that at the time of the collision she was a passenger in a vehicle being driven by her son that as they proceeded south on State Highway No. 63, her son attempted to pass the *253 vehicle being driven by defendant in the same direction; and that defendant suddenly and without warning turned his vehicle to the left in front of the vehicle in which plaintiff was riding, causing the vehicles to collide and injuring plaintiff. Defendant was charged with negligence in failing to keep a lookout for other vehicles, in failing to give an appropriate signal indicating his intention to make a left turn and in suddenly slowing his vehicle and turning into the path of the vehicle in which plaintiff was riding.
Plaintiffs testimony was that she was riding on the front seat with her son, who was driving her automobile, and that she looked up from her reading just before the collision and saw defendant’s vehicle with its blinker signal on ■ turning in front of them.
Allen Cronier, plaintiff’s eighteen-year-old son, testified that he was driving his mother’s automobile and had followed defendant’s vehicle for several minutes; that defendant’s vehicle would slow down and then speed up; and that the occupants of defendant’s vehicle were looking to the left. He further testified that he turned into the left lane in order to pass defendant’s vehicle ; that he was driving about forty-five or fifty miles per hour; and that when he was within twenty or twenty-five feet of the rear of defendant’s vehicle, defendant turned on his blinker signal and suddenly turned to the left directly into the path of the vehicle in which plaintiff was riding. He testified that his front end struck the left side of defendant’s car. Cronier admitted that he did not sound his horn before attempting to pass.
Defendant testified that about 125 yards before he reached the driveway into which he intended to enter, he turned on his left blinker and at the same time looked into his rear view mirror and saw a car a reasonable distance behind him. He was then traveling about 35 miles per hour. He testified that he did not again look into his rear view mirror; that when he got within about 10 feet of the driveway, he applied his brakes and turned left; and that his front wheels had nearly reached the entrance to the driveway when his vehicle was struck by the Cronier vehicle.
Defendant’s passengers testified that ap-pellee turned on his blinker signal about 125 yards before the left turn was attempted.
In New Orleans & Northeastern Railroad v. Thornton, 247 Miss. 616, 156 So.2d 598 (1963), this Court, quoting from a prior decision, stated the rule to be applied when a peremptory instruction is requested as follows:
“The rule to be applied in determining whether a party is entitled to a directed verdict has been stated in many of our cases. The Court must look solely to the testimony in behalf of the party against whom the directed verdict is requested, and, taking that testimony as true, along with all reasonable inferences which could be drawn therefrom favorable to said party, if it could support a verdict for him, the directed verdict should not be given. We state the facts with this rule in mind, which is to say, that the evidence favorable to appellee will not be stated. We do not decide whether the evidence is overwhelming in favor of.appellee. That question is not before us. Even where the evidence is such that a judgment for the adverse party would have to be set aside as being contrary to the overwhelming weight'of the evidence, it does not necessarily follow that a party is entitled to a directed verdict. Yazoo & M. V. R. R. Co. v. Pittman, 169 Miss. 667, 153 So. 382; Fore v. Alabama & V. Railway Co., 87 Miss. 211, 39 So. 493, 690,” See also Williamson v. Inzer, 239 Miss. 707, 125 So.2d 77; Jester v. Bailey, 239 Miss. 384, 123 So.2d 442. (247 Miss, at 622, 156 So.2d at 600).
Mississippi Code Annotated section 8192 (1956) provides as follows:
(a) No person shall turn a vehicle from a direct course upon a highway unless and *254 until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.
(b) A signal of intention to turn right or left shall be given continuously for a reasonable distance before turning.
* * * * * *
We are of the opinion that the testimony in this case made a jury issue as to whether defendant was guilty of negligence (1) in failing to give a signal indicating his intention to turn left for a reasonable distance before turning, and (2) in turning his vehicle from a direct course upon the highway when such movement could not be made with reasonable safety. The jury could find defendant guilty of the latter charge of negligence from his own testimony. Conceding that Allen Cronier was negligent in failing to sound his horn, the jury would have been justified in finding that defendant’s negligence was a concurring proximate cause of plaintiff’s injuries.
For these reasons we are of the opinion that the trial court erred in granting the peremptory instruction.
Reversed and remanded.
RODGERS, JONES, BRADY and SMITH, JJ., concur.