SMITH, Justice.
Mrs. Hilda Campbell has appealed from a judgment recovered against her by ap-pellee, Fagan Smith, in the Circuit Court for the Second Judicial District of Jones County.
The case was first before this Court upon a motion of the appellee to strike the appeal bond because of noncompliance with Mississippi Code 1942 Annotated section 1163 (1956). Following a hearing on the motion, the Court granted fifteen days for the defects to be corrected, and an amended bond was filed April 24, 1967, within the time allowed. Thereafter, no brief was filed by the appellant and, on motion, the appeal was dismissed. However, a motion to reinstate the appeal was. sustained on October 10, 1967, and the appellant was granted forty days within which to file a brief. A brief was filed by appellant on November 22, 1967.
On May 2, 1967, appellee filed a motion to strike the supersedeas bond filed April 24, 1967, alleging that the sureties were not good for the obligation. A brief was filed in support of the motion as required by the rule. Thus the case is presently before the Court on the appellee’s motion to strike the supersedeas bond, the brief filed in its support, a motion filed by appellant to strike that motion upon the ground that appellee is in default in filing his brief on the merits, and appellant’s brief on the merits which was filed following the reinstatement order.
The many vicissitudes which have beset and delayed the appeal in this case have been due to various circumstances which it would serve no useful purpose to relate. Suffice it to say that appellant’s brief is now on file and it appears that the brief filed by appellee in support of his most recent motion is also substantially responsive to the questions raised by appellant’s assignment of errors and her brief upon the merits.
In view of the reinstatement of the appeal and the granting to appellant of additional time for filing her brief, fairness would require that appellee also be allowed further time, if requested, to respond. However, because of the special circumstances which already have resulted in unusual delay, we have decided in order to expedite a decision of the case, to treat appellee’s brief filed with his motion to dismiss as his response to appellant’s brief on the merits.
Appellant assigns and argues only two grounds for reversal:
(1) The trial court erred in refusing to grant her request for an instruction to the jury of the type sometimes referred to as a “falsus in uno, falsus in omnibus” instruction, directed specifically to the testimony of appellee by name.
(2) The evidence was insufficient to support a verdict for appellee, and the trial court should have peremptorily instructed the jury to find for appellant.
We have examined the record carefully, with particular reference to the questions raised by appellant, and have concluded that the evidence was conflicting and *344 presented purely factual issues. The trial court correctly declined to direct a verdict for appellant. The jury’s determination of those issues upon conflicting evidence will not be disturbed on appeal. Berry v. Brunt, 252 Miss. 194, 172 So.2d 398 (1965); New Orleans & Northeastern R. R. v. Thornton, 247 Miss. 616, 156 So.2d 598 (1963).
It was not error to refuse to grant the requested instruction, the refusal of which is assigned as error. Dixie Stock Yard v. Ferguson, 192 Miss. 166, 4 So.2d 724 (1941); Metropolitan Life Insurance Co. v. Wright, 190 Miss. 53, 199 So. 289 (1940), followed in Metropolitan Life Insurance Co. v. Larkin, Miss., 199 So. 293 (1940).
The contentions of appellant with respect to the matters assigned and argued as error are without merit, and the judgment appealed from ought to be, and it is, affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.