BRADY, Justice:
Appellee, Mitchell Blackwell, recovered a judgment in the Circuit Court of the Second District of Jones County, Mississippi, in the sum of $13,640.18 on account of personal injuries received in an accident. From this judgment the appellants prosecute this appeal. Briefly the controlling facts are these.
On January 11, 1966, Julius Joiner was driving a Lewis Grocery Company Truck on State Highway 28. At 6:15 A.M. he was proceeding approximately eight miles northwest of Laurel. The appellee and a fellow employee were driving toward Laurel on their way to work. Appellee caught up with appellant and followed him approximately a mile before the accident occurred. The speed of both vehicles was about forty miles per hour.
In the vicinity of the accident there is a bridge with guardrails on each side. Approximately two hundred yards north of the bridge there is an intersection with a county road. The testimony of the appellant and appellee is in sharp conflict as to certain facts, as will be outlined below.
*640 Appellee stated that after he cleared the intersection he sounded his horn and started to pass appellant’s truck. There were no other vehicles following the truck. As ap-pellee started to pass, the truck increased its speed and drifted over the center line. Ap-pellee said this forced him to get his left wheels off the road. He stated when this happened he slowed down and then speeded up to fifty miles per hour in an effort to complete passing the truck. Appellee testified he was still on the left side of the road and had just cleared the truck when he reached the bridge and struck the guardrail. He said he had passed the truck before reaching the bridge. Appellee’s passenger did not testify in his behalf.
In opposition to the above testimony the appellant truck driver stated that there was a pickup truck behind him. The appellee was behind the pickup. He stated he had passed over the bridge and was approximately fifty feet beyond it when he saw lights swing out behind his truck. He heard a noise and looked up in his rearview mirror. He said that appellee’s car was traveling on the shoulder of the road with its wheels cut back toward the highway. Appellant said he started to slow down and stop because if the car came back up on the highway it would probably hit him. Appel-lee never came back on the road but lost control of his car and went out into a pasture. Joiner said his truck never crossed the center line and had crossed over the bridge before appellee made any attempt to pass.
The patrolman who investigated the accident said appellee made the statement that he was traveling sixty miles per hour at the time of the wreck. He further told the patrolman that he had passed a pickup truck behind appellant and was attempting to pass appellant when the truck pulled over on the bridge and crowded him. Appellee’s car traveled some forty steps in contact with the guardrail, approximately one hundred and twenty-five steps before leaving the highway and one hundred and twelve steps after leaving the highway. He knocked down four or five fence posts and a tree. After knocking down the tree he traveled another thirteen steps before coming to a stop. The patrolman further testified there was no evidence that the car and truck had come in contact with each other.
The appellee sustained injuries to his back and incurred numerous medical bills. The appellants advise they do not contest the amount of the verdict and admit they cannot successfully claim the verdict is so excessive as to evince bias, passion and prejudice on the part of the jury. Therefore, it is unnecessary for us to consider these factors.
No motion for a new trial was made subsequent to' the verdict and judgment entered herein. A motion for a judgment notwithstanding the verdict was made and overruled. No objection is made to the instructions which were granted. The sole question presented on this appeal is whether or not the trial court erred in not entering a directed verdict for the appellants, as requested. Appellants urged as follows:
1. That there is no sufficient or adequate evidence furnished by the appellee to entitle him to recover from the appellants or either of them.
2. That the accident resulted from an attempt on the part of appellee to illegally and improperly pass within a hundred feet of a bridge.
3. That the appellee is bound by his pleadings and cannot go outside thereof for recovery in this cause.
We shall consider first points 3 and 2. A careful review of the testimony and the pertinent authorities cited by appellants leads us to the conclusion that there is no merit in appellants’ contention that appellee is bound by his pleadings and cannot go outside thereof for recovery. The pleadings are sufficient to justify the *641 introduction of the testimony which was offered by appellee, and while there is sur-plusage it can be and is disregarded.
The second contention urged by appellants, that the accident occurred from an attempt to improperly pass the appellants’ truck within a hundred feet east of the bridge, is not per se grounds for reversal unless it was the sole proximate cause of the accident. Therefore, number two can be considered along with the first ground urged by appellants which, if sustained, would automatically dispose of point two.
A restatement of the basic question involved in this cause is simply this.: Was the evidence of the appellee adequate, if believed by the jury, to entitle him to recover from appellants or either of them? This turns on whether or not the evidence constitutes more than a scintilla on the part of appellee.
Mississippi Code 1942 Annotated section 1455 (1956) specifically requires that all questions of negligence and contributory negligence should be for the jury to determine. The fact that appellee may have been guilty of considerable contributory negligence does not per se bar the appellee from the right of recovery. Coker v. Five-Two Taxi Serv., Inc., 211 Miss. 820, 52 So.2d 356 (1951).
In Buford v. O’Neal, 240 Miss. 883, 128 So.2d 553 (1961) we said as follows:
Since the jury resolved all conflicts in favor of the appellee, we state the facts in the light most favorable to him. This means that appellee is entitled to have this Court consider as true all evidence in his favor, together with all reasonable inferences which could be drawn therefrom; and it means that we must disregard all testimony favorable to appellants whenever such evidence is contradicted by that for appellee. All this is in full accord with the many cases of this Court so holding. Having said this, we dispose of a considerable part of appellant’s argument which is premised on testimony which the jury rejected. (240 Miss, at 887, 128 So.2d at 554).
Thus, following the above, appellee’s testimony that appellant allowed his truck to drift over the center line in violation of Mississippi Code 1942 Annotated section 8183 (1956) must be taken as true. In like manner this Court must accept the ap-pellee’s testimony that he sounded his horn before passing and that appellant increased the truck’s speed while the appellee was passing. This latter act is also in violation of section 8183.
 We hold that the testimony of the appellee in this case goes beyond the scintilla of evidence rule and therefore the trial court did not err in refusing to grant a peremptory instruction for appellants or to enter a verdict notwithstanding the judgment. The amount of the verdict is not in question. The appellants did not urge that the verdict of the jury was against the overwhelming weight of the evidence, and the evidence which was presented clearly made a factual issue as to the verity and materiality of the evidence which the jury found in favor of the appellee. The jury did not have to rely upon conjecture or surmise to reach their verdict. The facts as testified to by the appellee were sufficient to remove the case outside the scintilla rule and justify the jury in finding for the appellee. The rule that the jury is the sole determiner of the weight and credibility of the evidence is well established. New Orleans and Northeastern R. R. v. Thornton, 247 Miss. 616, 156 So.2d 598 (1963).
Appellants having urged that a peremptory instruction should have been granted to them, it follows that the court should construe as true all material evidence offered by the appellee and any reasonable inference therefrom. Since we cannot say that the jury was unwarranted in finding the verdict under these facts *642 for the appellee, it follows that the judgment of the trial court is affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, PATTERSON and SMITH, JJ., concur.