268 So.2d 340 (1972)
David WILLIAMS
v.
Casey WEEKS, Jr.
No. 46814.
Supreme Court of Mississippi.
October 30, 1972.
Liston & Upshaw, James Y. Dale, Winona, for appellant.
Stone & Graham, W. Welborn Johnson, Columbus, Will P. Starnes, Mathiston, for appellee.
BROOM, Justice:
This is an appeal from the Circuit court of Webster County wherein appellant brought an action for personal injuries received by him in an automobile accident. At the conclusion of appellant's presentation of his case, the court sustained appellee's motion for a directed verdict and entered a judgment for the appellee from which judgment the appellant now brings this appeal.
*341 On September 14, 1968, the appellant was a passenger in a 1968 Ford automobile owned and driven by the appellee en route home from work in West Point, Mississippi. Appellant was asleep in the rear seat of the car between two other passengers. Appellee was driving said automobile west on Highway 50 and nearing its intersection with Highway 389.
The testimony indicates that appellee was driving approximately sixty-five miles per hour as his automobile approached the community of Pheba at the intersection of Highways 50 and 389. At a point approximately sixty to seventy-five yards east of the intersection of said highways, Money McCain, who also was a passenger in appellee's automobile, stated to the appellee that he should watch a pickup truck which was approaching the intersection from the south on Highway 389. Appellee did not apply his brakes but slowed down to approximately forty or forty-five miles per hour; he did not sound his horn; he did not turn to his right or left; and he did nothing except proceed at a reduced rate of speed of forty to forty-five miles per hour. The pickup truck traveling north on Highway 389 at about twenty-five to thirty miles per hour failed to stop for the stop sign posted at the intersection of said highways and pulled out into the path of the automobile driven by appellee and occupied by appellant. At the time the other vehicle ran the stop sign and entered Highway 50, the automobile being operated by appellee was traveling from east toward west and was approximately twenty to thirty yards east of the intersection. The two vehicles collided in appellee's appropriate lane for westbound traffic. Appellant was injured in the impact.
The sole and only question before the Court is whether or not the trial judge erred in granting the directed verdict for appellee.
Appellant contends that a jury question was presented and that the case should have gone to the jury. With this contention this Court agrees.
This Court has many times held that the trial court must look solely to the testimony in behalf of the party against whom the directed verdict is requested, and, taking that testimony as true, along with all reasonable inferences which could be drawn therefrom favorable to said party, if it could support a verdict for him, the directed verdict should not be given. New Orleans & Northeastern R.R. v. Thornton, 247 Miss. 616, 156 So.2d 598 (1963). Shaw v. Phillips, 193 So.2d 717 (Miss. 1967). While this is a close case, we hold that a trial jury should have heard and considered this case and decided whether or not the appellee was in any sense negligent and whether or not his negligence, if any, proximately caused or contributed to the injuries and damages suffered by appellant.
This Court had a similar question before it in the case of Jobron v. Whatley, 250 Miss. 792, 168 So.2d 279 (1964) in which case the facts were quite similar. In the Jobron case this Court held as follows:
This question of negligence should have been submitted to the jury; it alone would be in a position to decide, under the facts as outlined, whether or not the appellee was keeping a proper lookout at the time of the accident or immediately prior thereto, whether or not the appellee was traveling at a rate of speed which was dangerous under the circumstances, or whether or not it was negligence on the part of the appellee not to blow her horn sooner or to slow her car down in order to stop... . (250 Miss. at 802-803, 168 So.2d at 283.)
Admitting that the driver of the other vehicle which ignored a stop sign and entered Highway 50 into the path of appellee might also have been guilty of negligence, still appellee, under the facts presented by this record, had no right to assume that said other driver would obey applicable traffic laws. Terry v. Smylie, 161 Miss. 31, 133 So. 662 (1931). As held in Jobron, supra, a jury should have passed *342 on whether or not the inaction of appellee in doing no more than reducing pressure on his accelerator was negligence which contributed to or proximately caused the collision.
For the foregoing reasons, the case is reversed and remanded.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH and SUGG, JJ., concur.