## TERRY et al. v. SMYLIE.

(Division B. April 20, 1931. Suggestion of Error Overruled May 25, 1931.)

[133 So. 662. No. 29380.]

Ford, White & Ford, of Gulfport, for appellants.

Mize, Mize & Thompson, of Gulfport, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellants in the circuit court of Harrison county, to recover damages for a personal injury received by her as the result of a collision between two automobiles alleged to have been caused by the negligence of the appellants. There was a trial, resulting in a verdict and judgment in favor of appellee in the sum of twenty-five hundred dollars; from which judgment appellants prosecute this appeal.

Appellants assign and argue as errors the action of the court in directing a verdict in favor of appellee on the issue of liability; and in refusing appellant's request for certain instructions, the character of which will be referred to later; and in refusing to grant appellants a new trial on the ground that the verdict was excessive.

The case, stated most strongly for the appellants, is as follows: Beach boulevard runs in an easterly and westerly direction along the Gulf front, in the city of Biloxi. It is a paved street, eighteen feet wide, closely built up with residences and business houses. Appellee's home is located on East boulevard, facing south toward the Gulf, and on the north side of the boulevard. Beach boulevard, throughout the entire corporate limits of the city of Biloxi, is lit up with electric lights about eighty feet apart. Appellee's injury was sustained on the even-

ing of July 20, 1930. On the afternoon of that day appellee and Miss Carrie Goodman had gone out in the latter's car to the golf links, where they played golf together. Miss Goodman drove the car going and returning; and when they reached the home of appellee on their return it was about dark and the street lights were on. Miss Goodman did not live with appellee. She parked her car facing east on the north side of the boulevard, in front of appellee's home, with the parking lights on; and they sat in the car and talked about ten minutes before the collision occurred which caused appellee's injury. It was their intention, when they finished their social conversation, for appellee to get out of the car and return to her home, while Miss Goodman would leave in the car for hers. For five blocks east of appellee's home the boulevard is straight, and for about two hundred feet west it is straight; but at that point there begins a curve.

On Sunday, July 20, 1930, the appellants, who are brothers, were in an automobile owned by appellant Lyman Terry, which was being driven by appellant Dowan Terry. When the collision occurred they were driving west to a pier, for the purpose of taking a boat to the Isle of Caprice, a pleasure resort out in the Mississippi Sound, where they were going for recreation. As stated, the car was owned by Lyman Terry, but was being driven by Dowan Terry, his brother, when it struck, head-on, the car in which the appellee and Miss Goodman were sitting. At the time of the collision appellants' car was making a speed of not less than twenty-five miles an hour. Appellants did not see the car in which appellee was sitting until their car struck it; and they testified that their failure to see the car was due to the lights of a car which they were meeting, going east; that when this car turned the curve, about two hundred feet west of where the collision took place, the lights of the approaching car blinded them so that they could not see

the car in which appellee was sitting, and they did not see it until their own car struck it.

Appellant Dowan Terry, the driver, testified that they passed this east-bound car just about the time their car struck the car occupied by appellee and Miss Goodman; and he admitted in his testimony that if appellants' car had been traveling at not more than fifteen miles an hour, he could have stopped it within a few feet—probably as little as three feet—after shifting gear and applying the brakes.

On the trial appellant introduced an ordinance of the city of Biloxi, prohibiting the parking of automobiles on the north side of East Beach boulevard, east of Reynoir street. Appellee's residence, where the collision and injury occurred, was situated within that space.

The evidence tended to show that appellee's injuries were serious, and probably permanent. The main contention of appellants is that the question of liability was an issue for the jury, and therefore the court erred in directing a verdict in favor of appellee.

At the time of the injury section 6680, of Hemingway's Code of 1927, as amended by Laws 1928, chapter 201, was in force, which provides, among other things, that in no event shall an automobile be operated at a greater rate of speed than fifteen miles an hour, where the territory is closely built up, or in the incorporated limits of the municipality.

According to the undisputed evidence, appellants were violating this statute at the time their car struck the car occupied by appellee. The evidence further showed without conflict (the testimony of appellants, as witnesses in their own behalf) that the speed of their car proximately contributed to the injury. Appellant was violating the speed statute enacted for the safety of the traveling public. This was negligence on their part, the proximate result of which was the injury to appellee. Putting it differently, the evidence showed without dis-

pute that if the car in which appellants were driving had been operated with due care, the injury would not have occurred, notwithstanding the appellee may have been guilty of contributory negligence. In addition to the obligation placed on the operator of an automobile by the statute, in traveling the streets of a municipality in a car, especially where the streets are closely built up, he is required to keep his car constantly under control. He must be on the alert for pedestrians, as well as others in cars, moving or parked. He must at all times drive his car at a reasonable rate of speed, in view of the conditions with which he is confronted. He has no right to assume that the street is clear. He has no right to assume that all other persons are obeying the traffic laws. Whenever he finds himself so blinded by the lights of another car, or from any other cause, so that he cannot see in front of him a distance within which he can stop his car at the rate of speed he is traveling, he should at once bring his car within such speed. Ulmer v. Pistole, 115 Miss. 485, 76 So. 522; Snyder v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402; Frazier v. Hull, 157 Miss. 303, 127 So. 775; Kern v. Knight, 13 La. App. 194, 127 So. 133.

Appellants contend that if both of them were not entitled to a directed verdict, appellant Lyman Terry was, because the negligence of his brother, appellant Dowan Terry, in driving the car was not attributable to him; notwithstanding the car was owned by Lyman Terry, and was being driven by his brother at his request, or with his consent, for the pleasure of both of them. There was no error in refusing this instruction. Appellant Lyman Terry was not a mere guest—the relationship of master and servant existed between them. Appellant Dowan Terry was driving the car not only to serve his own purposes, but to serve the purposes of his brother, Lyman Terry. They were going on a joint enterprise— it is true, not a business enterprise, but a mission of

pleasure. However, that fact did not make their relation that of host and guest; in the operation of the car their relation was that of master and servant, as much so as if they had been going on a business trip. Appellant Lyman Terry was therefore liable, of course, for the negligence of his servant, Dowan Terry.

What we have said so far disposes of appellants' assignment of errors based on the refusal by the court of instructions asked by them. This is true, because, without particularizing, it is sufficient to say that if the court committed no error in directing a verdict for appellee on the issue of liability, those instructions were properly refused; because if the refused instructions had been given they would have been in conflict with the peremptory instruction given for the appellee.

Another ground for reversal of the judgment relied on by appellants is that the damages awarded by the jury were excessive. By the seventh instruction given appellants the court told the jury, in effect, that it was unlawful for the car in which appellee and Miss Goodman were sitting to be parked on the north side of the boulevard; and if the evidence showed that that fact contributed to the collision, and appellee remained in the car so parked, then they should diminish her damages in proportion to the extent that the illegal parking of the car proximately contributed to the injury. Appellee testified that she did not remonstrate with Miss Goodman for parking the car on the north side of the boulevard. The court therefore instructed the jury peremptorily that both appellant and appellee were guilty of negligence proximately contributing to appellee's injury. This was proper under the undisputed facts of this case. The jury, in awarding damages, had before them the nature and extent of appellee's injury and suffering. They were told by the court that in rendering their verdict they should award appellee a sufficient amount to compensate her for her injuries, but in fixing the amount

they should subtract from the whole amount a sum in proportion to appellee's negligence.

The court having given the jury a sufficient guide in arriving at their verdict, we are unable to say that the amount awarded, twenty-five hundred dollars, is so excessive as to evidence passion or prejudice on the part of the jury.

Affirmed.