Cox *et al. v.* DEMPSEY.

(Division A.   Jan. 11, 1937.)

[171 So. 788.   No. 32283.]

John F. Frierson, of Columbus, for appellants, Cox and Hemby.

684

**B. A. Lincoln,** of Columbus, for appellant, John Turner.

**J. Wesley Miller,** of Ackerman, and **Jas. A. Cunning-ham,** of Booneville, for appellee.

688

690

J. S. Savage, of Ackerman, for appellee, Harris.

Argued orally by **John F. Frierson,** for appellant, and by **J. A. Cunningham,** for appellee.

**Cook, J.,** delivered the opinion of the court.

This is a suit for damages for personal injuries sustained by the appellee, L. L. Dempsey, as the result of the alleged negligence of D. S. Cox, owner of a cream truck; William Hemby, employee of D. S. Cox and driver of the cream truck; C. L. Jones, owner of a wrecker which was towing the said cream truck; John Turner, an employee of C. L. Jones and the driver of the said wrecker; and O. N. Harris, the owner and operator of a log truck on which the appellee was riding when he sustained his injury. At the conclusion of the evidence offered by the appellee, each of the defendants filed a separate motion to exclude the testimony and direct a judgment in his favor, and these motions were sustained as to O. N. Harris and C. L. Jones and overruled as to the others. Upon the entire evidence offered by the respective parties the cause was submitted to the jury and there was a verdict and judgment for twenty-five thousand dollars against the three remaining defendants.

The facts necessary to be here stated are, in substance, as follows: A cream truck owned and operated by the appellant D. S. Cox became disabled on a public highway near Winona, Miss. The appellant William Hemby, who was the driver of the truck, telephoned to the creamery owned and operated by Cox at Columbus, Miss., and requested that a wrecker be sent out to tow the disabled truck to Columbus. Cox's office at Columbus then directed Joe Ross Gentry, who operated a

wrecker service, to go to the relief of Hemby. Gentry started to the scene with his wrecker and, when he reached Starkville, the wrecker developed tire trouble, and Gentry then telephoned to the place of business of C. L. Jones in Columbus and requested that tires be sent to him at Starkville. Jones' wrecker, in charge of the appellant John Turner, then carried tires to Starkville, but on reaching Gentry's wrecker it was found that they were insufficient. Gentry then directed Turner to proceed with Jones' wrecker to the disabled truck and bring it into Columbus.

When the Jones' wrecker, in charge of John Turner, reached the disabled truck, it was fastened on to the truck by a chain and towed toward Columbus, with John Turner driving the wrecker and William Hemby steering the cream truck. While proceeding in this manner up a hill, and when about sixty feet from the top of the hill, a log truck loaded with about seven and one-half tons of wooden blocks came over the hill on the wrong side of the road at a speed of about twenty-five miles an hour. The appellee was riding in the cab of this log truck by the side of O. N. Harris his employer, and the owner and driver thereof. The truck came on down the hill until it reached a point about fifteen or twenty feet from the wrecker, when it suddenly turned to the right and skidded on a diagonal line from the center of the road into an embankment—a distance of about thirty-five feet. The head-on impact of the truck and the embankment was of such force as to telescope the cab and throw the heavy blocks of wood onto the occupants thereof and seriously injure both of them.

The facts stated above are not controverted, but the testimony bearing upon the position of the respective vehicles just before and at the time of the accident is sharply conflicting. Both the appellee and O. N. Harris, who was offered as a witness in his behalf, admitted that the log truck came over the top of the hill on the

inside of a curve and on the wrong side of the road, but they both testified when they saw the wrecker coming up the hill the log truck was immediately turned to the right side of the road; and that the wrecker was coming slowly up the hill, a little to its left side of the center of the road. Harris testified that upon being thus suddenly confronted with this wrecker, practically in the center of the road, his first impulse was that he should turn to its left and attempt to pass on that side of the wrecker, but he realized that the rear of the cream truck was too close to the embankment to permit him to do so, and he attempted to pass on his right side of the road; that there was not sufficient room to safely pass on either side of the wrecker; and that in attempting to do so he applied his brakes, pulled to his right onto the edge of the drain, or ditch, and skidded into the embankment.

The testimony for the defendants was to the effect that the wrecker was proceeding slowly up the hill on its right side of the road, when the log truck came over the top of the hill on the wrong side of the road at a high speed; that the log truck came on down the hill at a high speed until it was in about twenty feet of the wrecker, when it suddenly cut across the road with its wheels locked and went head-on into the embankment.

Upon the above-stated facts as to the liability of D. S. Cox, the owner of the cream truck, and William Hemby, his employee, who was in control of the truck, the decisive question is whether or not the appellant Cox was the master of John Turner, or, in other words, whether C. L. Jones was an independent contractor in the operation of the wrecker in towing the truck.

As to D. S. Cox and Hemby the declaration charged that the movements of the wrecker and truck were under the sole direction of the appellant Hemby, the agent and employee of Cox, that in the operation of towing the truck John Turner, the general agent of Jones, was

a subagent of Cox and subject entirely to the supervision, control, and direction of Cox through his agent Hemby, and that these appellants were grossly negligent in allowing John Turner, the agent of Jones, to drive the wrecker in the center of the highway, or in a place or position in the highway that would endanger travelers attempting to pass the wrecker and truck, and that they were grossly negligent in failing to require the said Turner to drive his wrecker in a proper and safe position on the highway.

When the cream truck became disabled on the highway, the driver of the truck requested his employer to send a wrecker out to tow the truck to its destination, and thereupon Cox, the owner of the truck, employed a third party, who was engaged in the business of operating wreckers, to perform this service. After starting upon the performance of the service for which he had been employed, the owner of the first wrecker, without the knowledge of Cox or C. L. Jones, substituted a wrecker owned by the said Jones to perform the service for which he had been employed. The service, or net result for which Cox contracted, was the removal of his disabled truck to its destination at Columbus. Jones' wrecker in charge of his agent and employee undertook the performance of this service, and for the service Jones afterwards accepted payment in full from Cox. The evidence shows, as would be the natural conclusion from the circumstances, that the employee of Jones had full control of the details of the means and methods by which the service was performed, and that in the performance of his duties he was not subject to be controlled, or subject to the right of control, by Cox or the employee of Cox.

The obligation of the contract of Jones was to produce a certain net result by means and methods over which Cox and his employee had no control, and the contract between them was one "for service and not one of

service." Kisner v. Jackson, 159 Miss. 424, 132 So. 90; Cook v. Wright (Miss.), 171 So. 686, decided January 4, 1937, and authorities there cited. And this is true, notwithstanding the fact that an employee of Cox was on the towed truck performing the mechanical duty of steering the truck so that it would safely follow behind the dominant and propelling force, for, as said in Cook v. Wright, supra: "It is not necessary that an owner or employer, in order to avoid the responsibilities of master, shall entirely absent himself from the work, or entirely disassociate himself from an active interest, or an active aid in the course of its performance, or from a supervision of the results of that performance, so long as, in respect to the details of the work necessary, or proper, to be performed for the production of the net results required by the contract, the physical management of the instrumentalities used, and the physical conduct of those employed therein, remain under the sole control of the contractor, or of those placed in authority by him or by his selection and direction."

We conclude therefore that the peremptory instruction requested by Cox and William Hemby, to the effect that there was no liability on their part, should have been granted.

As to the appellant John Turner, the assignment of error based upon the action of the court in overruling a motion to change the venue of the cause to the county of his residence becomes material. The suit was filed in Choctaw county, where the defendant O. N. Harris resided, while all the other defendants were residents of Lowndes county. At the conclusion of the plaintiff's evidence a motion to exclude the evidence and direct a verdict in favor of the defendant Harris was sustained. After motions for peremptory instructions by the defendants Cox, Hemby, and John Turner had been overruled, they moved for a change of venue on the ground that the evidence showed a lack of good faith in join-

ing the said Harris as a party defendant, and that he was joined for the fraudulent purpose of fixing venue in Choctaw county. This motion was overruled, and the action of the court in so doing is assigned as error. Upon this motion evidence was heard, and, taken in connection with the testimony offered by the appellee tending to show negligence on the part of Harris, we are unable to say that the court erred in holding that there was not a fraudulent joinder of parties.

There was evidence tending to show that the appellant Turner was guilty of negligence in driving the wrecker up the hill in the center, or to his left of the center, of the highway so as to obstruct the highway in a manner that rendered it dangerous to persons and vehicles using the highway and passing or attempting to pass the wrecker. The fact, if it be a fact, that the driver of the log truck on which the appellee was riding, which at that moment came over the hill, was negligent in the operation of the truck, did not relieve the driver of the wrecker of liability for his negligence, if any, in dangerously obstructing the highway, for he had no right to assume that other persons using the highway would keep their vehicles under constant control and obey the traffic laws. Terry v. Smylie, 161 Miss. 31, 133 So. 662. We think, therefore, the question of whether or not Turner was guilty of negligence which proximately contributed to the accident and injury was one for the decision of the jury, and no error was committed in refusing his request for a peremptory instruction.

Complaint is made of several instructions granted to the appellee, and of one refused instruction which bore upon the question of the liability of the appellant Turner. Some of the appellee's instructions, if each of them were considered alone, might be subject to criticism, particularly that they were too general in their terms, but, when all the instructions are read together, we are of the opinion that they present the law applica-

ble to the facts with reasonable accuracy, and that there are no errors therein which require a reversal of the judgment against the said John Turner.

There is no merit in the contention that the amount of the verdict is so excessive as to evince passion and prejudice on the part of the jury. The appellee was a man about twenty-eight years of age, with an earning capacity considerably above that of a common laborer. The testimony of his physicians was to the effect that he was so seriously injured that for several days thereafter they practically despaired of his recovery; that his arm was broken in the elbow joint and below the elbow; that the breaks in the bones of the arm had not properly united, and that the use of the arm was permanently impaired; that his leg was broken in a way that had resulted in a permanent shortening of the leg about three inches; that his left ankle and foot were crushed and permanently injured, and that his nervous system had been so shocked as to be permanently impaired, and that as a result of these injuries he was permanently disabled from performing any kind of manual labor. There is much testimony as to the intense pain and suffering endured by him during the several weeks that he was confined in a hospital and at all times thereafter. We do not think it can be said that the verdict is so grossly excessive as to evince passion or prejudice on the part of the jury, and therefore the judgment of the court below will be affirmed as to the appellant John Turner. There was no appeal from the judgment entered in favor of C. L. Jones.

The plaintiff, L. L. Dempsey, has prosecuted an appeal from the dismissal of the cause as to O. N. Harris, in pursuance of a verdict in his favor directed at the conclusion of the plaintiff's evidence. We have already herein detailed the substance of the testimony offered by the plaintiff to the effect that O. N. Harris drove his very heavily loaded log truck over the top of the hill,

on the wrong side of the road, at a rapid rate of speed, and that the truck proceeded down the hill practically in the center of the road under circumstances from which the inference might clearly be drawn that he did not have the truck under control, and was proceeding at a speed that was not reasonable and proper under the circumstances, having regard for the safety of the public using the highway. We think therefore that the question of whether or not the defendant Harris was guilty of negligence which proximately contributed to the accident and injury should have been submitted to the jury for its determination.

The judgment of the court below will be reversed as to D. S. Cox and William Hemby, and judgment will be entered here in their favor. As to the appellant John Turner the judgment of the court below will be affirmed, and as to O. N. Harris it will be reversed and the cause remanded.

Affirmed in part; reversed in part; and remanded.