MURPHY, et al. *v.* LATHAM.

Division A.   Jan. 2, 1951.

No. 37760 (49 So. (2d) 807)

H. T. Carter, for appellant.

Sims & Sims, for appellee.

McGehee, C. J.

On the night of June 5, 1947, after 9 o'clock, the appellee, James Latham, was driving his automobile along Seventh Avenue, in the City of Columbus, going east when he struck Clarence Murphy, Jr., while he and two other boys were walking west on their left side of the street. As a result of the accident and injury the boy died about four hours later in the night.

There were no sidewalks along this paved street, and it was admitted by the defendant Latham, and his companions in his automobile who testified in his behalf, that they were passing a number of pedestrians both on the right and left side of the automobile as it traveled along this street at about 25 miles per hour, according to their testimony, and 45 or 50 miles per hour, according to the testimony of several witnesses for the complainants, who are the heirs at law of the said Clarence Murphy, Jr., deceased.

The defendant did not slacken his speed after striking the boy and leaving him in the street about two feet from the curb thereof, but continued on his journey to Carrollton, Alabama, where he resides, although he stopped thereafter at the Blue Goose Cafe four or five blocks from the scene of the accident before proceeding

to his home in Alabama. The defendant Latham explained his failure to stop and see what assistance he could render to this injured boy at a time when there were no other cars traveling along the street at that place to convey him to a hospital on the ground that he was a teacher at a veterans' school at Carrollton and was required to get a report filled out that evening. At any rate, he returned to Columbus the next morning to give an account of the accident.

The automobile was seized while in the custody of one Jack Brewer, a local resident, under an attachment in chancery, was bonded and released, and personal service of process was had on defendant Latham, who filed an answer in the case denying that he was guilty of negligence that proximately caused the injury and death of Clarence Murphy, Jr., instead of that of the deceased.

By agreement of the parties the local defendant, Jack Brewer, was dismissed from the suit, and the cause proceeded to trial on testimony before the chancellor, who rendered a decree in favor of the defendant Latham based upon a finding of fact by him which emphasized that the boy who was injured and killed ''ought to have been on the outside of the paved street . . . which has been provided by the City of Columbus for wheeled vehicles, principally, and certainly not provided for pedestrians'', and found that the fact that the boy was walking on the street was negligence on his part and that the defendant driver was not guilty of any negligence. The chancellor made no express finding on the issue of fact as to whether or not one of the two companions of Charles Murphy, Jr., had shoved him against the automobile after the defendant had seen the three boys run out of a cafe nearby and down the street until they got almost even with the automobile. The companions of the injured boy and one or more other witnesses denied that the boy had been shoved against or in front of the automobile either from in the street or from the narrow footpath leading along the curb of

the street on the south side thereof. These witnesses were strongly corroborated in their testimony by certain physical facts hereinafter mentioned to the effect that the car struck the boy in the edge of the street while he was walking along near the curb, and that he was not merely shoved against it or in front of the car when it got to them. It is admitted that the right front fender of the car was bent by the impact and that the windshield glass on the right side was broken and the frame in which it was set bent, and which damage to the windshield and frame was, in our opinion, evidently caused by the body of the injured boy being thrown against he same.

We have concluded that the great weight of the evidence shows that under the principles in the cases of Ulmer v. Pistole, 115 Miss. 485, 76 So. 522, Snyder et ux. v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402, Terry et al. v. Smylie, 161 Miss. 31, 133 So. 662, and Avery v. Collins, 171 Miss. 636, 157 So. 695, 158 So. 552, the failure of the defendant to have his automobile under proper control under all the circumstances with which he was confronted was a proximate, contributing cause to the injury and death of the victim in this accident, and therefore the case should be reversed and remanded. If this case had been tried before a jury and a verdict rendered in behalf of the defendant, we think that the same should be reversed and remanded as being against the great weight of the evidence, and we are of the opinion that on the record now before us the decision of the chancellor in holding that the defendant was guilty of no negligence that proximately contributed to the accident is manifestly erroneous, and that therefore the decree should be reversed and remanded.

We have not had the benefit of a brief on behalf of the appellee, although the appellants' brief was filed more than 21 days before the cause was heard and submitted, and there has been no request for, or cause shown for, an extension of time within which to file such brief.

Reversed and remanded.