WINFIELD *v.* MAGEE

No. 40565          November 11, 1957          98 So. 2d 130

58

*M. M. Roberts,* Hattiesburg; *E. L. Dent* and *W. W. Dent,* Collins, for appellant.

*J. Martin Mooney,* Collins, for appellee.

Hall, J.

The appellee brought this suit in the circuit court for the recovery of damages for personal injuries sustained by him as a result of a collision between a pickup truck belonging to the appellant and a pulpwood truck belonging to Charles Keles Knight about 2½ or 3 miles from Collins, Mississippi, on a public highway, commonly known as the Old Nicholson Road. The pulpwood truck at the time of the collision was occupied by R. B. Brady, the appellee herein, Jake Richards and Leo Brooks, all of whom were in the employment of Mr. Knight. The collision occurred at about or shortly before 7:00 o'clock in the morning. The Old Nicholson Road runs approximately north and south and at the point of collision is a smooth, straight and level gravel road. The pulpwood truck was traveling north thereon, the occupants thereof being en route to their work. The appellant lives on the west side of this road at about 300 yards therefrom and there is a straight narrow driveway approximately 10 feet in width which leads from his home in a southeasterly direction to the highway. Where this narrow road enters the highway the surrounding terrain on the south side of the narrow road was thickly covered with bushes to such extent that all the witnesses agree that a person traveling the narrow road could not see or be seen by persons traveling north on the highway.

The pulpwood truck was traveling, according to all the occupants thereof, about the center of the highway, the traveled portion of which was approximately 20 feet in width.

According to the testimony of the occupants of the pulpwood truck, it was traveling at a rate of about 30 to

35 miles an hour. It was a low-speed heavy duty truck and the body thereon was built for transporting pulpwood from the woods to the railroad track. The appellant was en route to Collins to his work and drove down the narrow roadway and according to his testimony he stopped and pulled out into the roadway and the pulpwood truck ran into the front of his pickup truck. According to the occupants of the pulpwood truck the pickup truck ran broadside into the side of the pulpwood truck. And all the witnesses who examined the vehicles testified that all the damage to the pickup truck was to the front end thereof and all the damage to the pulpwood truck was on the left side thereof, which was considerable, the frame being bent and the dual wheels being knocked loose.

All the witnesses for appellant were neighbors of his. None of them saw the actual collision but they arrived on the scene after it had happened and they testified that from the tracks showing in the highway the pulpwood truck was within 1½ or 2 feet from the edge of the highway, but one of appellant's witnesses said there were no fresh tracks which appeared to have been made by the plupwood truck.

The main argument of appellant, to which he devotes most of his brief, is that he is entitled to a judgment on the face of the record. We do not agree with this position. We are of the opinion that in view of the conflicts in the evidence this was a typical case for solution by a jury. According to the occupants of the pulpwood truck they did not see and could not see the appellant coming out of the side-road until he was in close proximity to the pulpwood truck. In this connection appellant argues that the driver of the pulpwood truck was violating the law in having a portion thereof on the left side of the road, contrary to Section 8181, Code of 1942. But under our comparative negligence statute we are of the opinion that this would be only contributory negli-

gence which would cause the damages to be reduced and a mere violation of the law in the operation of a motor vehicle would not entitle the opposite party to a peremptory instruction. This was held in the case of Terry v. Smylie, 161 Miss. 31, 133 So. 662. ■■ ■ The appellant did not plead contributory negligence and did not request any instruction thereon, which fact would not necessarily preclude the jury from applying the law on comparative negligence.

■■■ The appellant next complains at the granting of some of the instructions for the appellee. The longest one of which complaint is made is found on page 221 of the record. This instruction is an exact copy of the one appearing as Form 1733 in Alexander on Mississippi Jury Instructions, which was fully considered by us and approved in the case of Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So. 2d 578.

■■■ Complaint is also made against some of the appellee's other instructions. We have carefully examined these and we are of the opinion that the error, if any, in them was cured by 10 other instructions which were granted to the appellant. One of these was, "The Court instructs the jury for the defendant that the burden is on the plaintiff to prove the material allegations of his declaration by a preponderance of the testimony and if he has failed in this, then it is your sworn duty to find for the defendant."

■■ ■ This instruction has been condemned by this Court so many times that it is surprising to us that defense attorneys will continue to request it and that some of our trial judges will continue to grant it. The members of the jury are not skilled in the law and are not capable of determining what are the material allegations of a declaration. Even lawyers disagree as to which allegations are material and which are not. In the case of Southland Broadcasting Co. v. Tracey, 210 Miss. 836, 50 So. 2d 572, we condemned an instruction in almost the

exact language of this one and held that it is not proper for an instruction to refer the jury to the pleadings without setting forth some applicable principle of law, and we said that the law of the case should be set out in the instructions and the jury should not be invited to resort to pleadings to piece out the instructions and determine what the law is, but that the applicable law and facts of the case should be simply stated without referring the jury to the declaration to decipher facts or law from it. And we cited in that case other decisions in which the instruction in question has been disapproved. We have carefully examined all of the instructions in the case and we are of the opinion that with the exception of the one last mentioned, the jury was fully charged as to the applicable law.

The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.