264 So.2d 812 (1972)
Ann BUTLER
v.
Donna CHRESTMAN.
Ann BUTLER
v.
J.E. CHRESTMAN.
Nos. 46742, 46743.
Supreme Court of Mississippi.
July 3, 1972.
*813 Lake, Tindall & Hunger, Frank S. Thackston, Jr., Greenville, for appellant.
Dunbar & Merkel, Clarksdale, for appellee.
PATTERSON, Justice:
This is an appeal from a judgment of the Circuit court of Coahoma County wherein the appellees, Donna Chrestman and her father J.E. Chrestman, their cases being consolidated for trial, were awarded a peremptory instruction as to liability against Mary Taylor May and appellant Ann Butler. The jury returned a verdict of $75,000 for Donna Chrestman and $12,800 for J.E. Chrestman. A remittitur of $20,000 was entered to the $75,000 verdict for Donna. Ann Butler has appealed from these judgments and Donna Chrestman has cross appealed, contending that the remittitur was improperly directed.
On September 13, 1969, Ann Butler, Donna Chrestman, Lucy Hayes and Ann Moorhead, all of whom had spent the evening at the home of the appellant, were traveling to Clarksdale from Rich, Mississippi, on U.S. Highway 61 in the appellant's automobile.
As they drove toward Clarksdale in a southerly direction, the young ladies noticed smoke covering the highway in front of their car. The appellant, thinking the smoke was the result of a common brush fire, reduced her normal highway speed to approximately thirty miles per hour a short distance before she entered the smoke. Her testimony indicates she continued to reduce her speed by not accelerating the automobile prior to entering the smoke.
The appellant, who thought the smoke would dissipate quickly and her vision *814 would improve, upon entering the clouded area became aware of the smoke's density and was only able to see approximately one and one-half car lengths to the front of her automobile.
Several seconds after entering the smoke, the appellant's automobile collided with that of Mrs. Mary Taylor May which was traveling northerly in the appellant's lane of traffic. Subsequent to this collision, Senator Jack Tucker, traveling in the same lane as Ann Butler, collided with the rear of the appellant's car. All parties testified that this impact was slight, causing no damage, and he was dismissed without prejudice from this cause.
It is important to understand the circumstances of the collision and the surrounding scene. Mrs. May was traveling north on Highway 61 when she entered the smoke beclouding the highway. She stopped behind two automobiles which were in the smoke although she was apprehensive of being struck by other automobiles entering the obscured area. After waiting for some moments, the first car in the line ahead of her pulled off of the road onto the shoulder and the second car pulled up parallel to it. Mrs. May, who then had vision of about three car lengths to her front, and who was "waved" on by the driver of the car in front of her, proceeded to pass. As she was passing the parked vehicle and while in the southbound lane of traffic, the defendant's lane, she collided with the appellant's vehicle, the point of impact being about four feet northward of the parked car. It is evident that both cars were moving at reduced speed in an area of limited vision at the time of the collision.
There is little doubt that Donna Chrestman, a guest who occupied the left portion of the rear seat of the Butler automobile, suffered severe personal injury, including a fracture of the right femur and extensive facial lacerations as the result of the accident. She was treated in the Coahoma County Hospital for these injuries which necessitated remaining in traction for approximately four weeks. Thereafter, when the fracture had not healed properly, she was transferred to Memphis, Tennessee, where an operation was performed which required removing a bone graft from the pelvic area and securing it to the thigh bone with a metal plate and six screws. On January 6, 1970, Donna was allowed to return to her home in Clarksdale to recuperate. In February she was able to return to school with the aid of crutches and a leg brace. These aids were discarded in May when Donna was able to resume and perform most of her normal activities.
At the time of the trial Donna still faced several operations and treatment to correct the scars on her forehead resulting from the collision. She also has scars on the pelvis where the graft bone was taken and one on her thigh. In addition, she has sustained lingering disability in that her mobility is 6% permanently impaired although she is presently able to walk, ride horses and dance without discomfort.
Donna Chrestman brought suit against both Mrs. May and Miss Butler for damages resulting from the collision. J.E. Chrestman, her father, brought a separate action for compensation for medical expenses and loss of service, society and companionship resulting from his daughter's injuries.
After presentation of the evidence, the plaintiff moved for, and the judge granted, a peremptory instruction establishing the liability of both defendants. The jury returned a verdict of $75,000 against the defendants for Donna Chrestman and $12,800 for J.E. Chrestman. A $20,000 remittitur was directed, reducing the verdict for Donna Chrestman to $55,000 in the event she accepted the option of remittitur. From this judgment Ann Butler has appealed and Donna Chrestman has cross appealed.
The appellant's first assignment of error is that a jury issue was presented and the court erred in granting a peremptory instruction *815 as to liability against both defendants.
In this state all questions of negligence and contributory negligence are determined by the jury. Miss.Code 1942 Ann. § 1455 (1956). The rule relating to the propriety of granting a directed verdict or peremptory instruction has been announced many times by this Court. We said in Mock v. Natchez Garden Club, 230 Miss. 377, 382, 92 So.2d 562, 563 (1957):
[T]hat if reasonable men might have a difference of opinion as to whether or not the negligence of the actor constituted a substantial factor in bringing about the injury, then the question is for the jury. We have also held repeatedly in cases too numerous to mention that upon a motion for a directed verdict all the facts expressly testified to, and all inferences necessarily and logically to be deduced therefrom, are to be taken as true in favor of the party against whom the motion is asked, and that a case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish, and further that if more than one reasonable inference can be drawn from the facts the question of negligence is for the jury.
See also Ezell v. Metropolitan Ins. Co., 228 So.2d 890 (Miss. 1969); New Orleans & Northeastern RR Co. v. Weary, 217 So.2d 274 (Miss. 1968); and First Nat'l. Bk. of Vicksburg v. Cutrer, 214 So.2d 465 (Miss. 1968).
The appellee argues that Ann Butler, in entering the smoke-obstructed area, was negligent per se. The weight of authority is that when one travels through smoke which entirely obscures his vision, he has a duty to stop or negligence by law is implied.
In discussing obstructions of vision, 1 Blashfield, Cyclopedia of Automobile Law and Practice, section 743 (1948), states:
A temporary obstruction of the view of a motorist will ordinarily affect his rate of speed, and require increased diligence. Under such circumstances he must exercise reasonable care to avoid a collision, and such care requires him to stop if necessary or to substantially lessen his speed before plunging headlong into such an obstruction.
Since appellant testified that her vision was approximately one and one-half car lengths at the least and was never "entirely obscured," the entrance into the smoke by appellant was not negligence per se. The critical issue is whether appellant was negligent in the operation of her car under the facts and circumstances of this case. The general rule is well established that it is negligence for a motorist to operate an automobile on a highway at such speed that it cannot be stopped within the range of the driver's vision. Terry v. Smylie, 161 Miss. 31, 133 So. 662 (1931); 60A C.J.S. Motor Vehicles, § 293 (1969); 22 A.L.R.2d 300.
The above rule is not, however, a hard and fast one as pointed out in Jester v. Bailey, 239 Miss. 384, 390, 123 So.2d 442, 444 (1960), wherein the late Chief Justice Ethridge stated:
... The particular facts and circumstances of each case must be considered. Planters Wholesale Grocery v. Kincade, 1951, 210 Miss. 712, 721, 50 So.2d 578. This is a well-established limitation upon the range-of-lights rule in this state and elsewhere. The annotation in 22 A.L.R.2d 304, citing numerous cases, says: "Strictly applied, the rule that a motorist blinded by the lights of approaching cars must either stop or control his car so as to be able to stop in time to avoid collision with any discernible object in the road ahead allows little chance for a motorist who is so blinded *816 and strikes such an object to escape the imputation of negligence. However, it has frequently been recognized that the rule is subject to certain exceptions and qualifications tempering its harshness."
Felder v. Eagle Star Insurance Company, 79 So.2d 90 (La. App. 1955), presents a fact situation very similar to that in the case at bar. Felder, supra, involved a headon collision in heavy dust in plaintiff's lane of traffic. The defendant argued that plaintiff was contributorily negligent, a bar to the suit in Louisiana, because she did not stop completely once her vision became obstructed, but the Louisiana Court of Appeals held that under the circumstances plaintiff had acted with "reasonable caution, prudence, and good judgment, and that she was under no duty to expect another vehicle approaching on the wrong side of the road."
We are of the opinion that the facts and circumstances of this case, when considered by the standards set forth in Mock, supra, did not present a situation where Ann Butler was liable as a matter of law and that the issue of appellant's negligence in colliding with the vehicle traveling in the opposite direction in her lane presented a factual situation which should have been submitted to the jury for its determination.
The appellant also assigns as error the admission into evidence of various color slides showing Miss Chrestman's injury shortly after the accident and of an 8 MM movie film depicting an agonizing period during her recovery. The color slides visualized the healing process of the forehead scar from shortly after the accident until the time of the trial. The motion picture, approximately five minutes in duration, shows Donna Chrestman as she moved from her home bed to a wheel chair with the aid of a physical therapist. The camera zooms in periodically to show Miss Chrestman's discomfort by grimaces upon her face and ends with a parting shot of her seemingly crying from excruciating pain.
We have held that the introduction of photographs and motion pictures is a matter for the sound discretion of the trial court and that court is afforded wide latitude in exercising this discretion. Niles v. Sanders, 218 So.2d 428 (Miss. 1969); Marr v. Nichols, 208 So.2d 770 (Miss. 1968). The admission of the color slides was within the limits of discretion afforded the trial judge. Where the only purpose of photographs is to influence and prejudice the jury they should be excluded, but where they visualize the injury at a stage subsequent to the accident, they may not be excluded solely because they may contain emotional overtones. Jensen v. South Adams County Water & Sanitation District, 149 Colo. 102, 368 P.2d 209 (1962), and Godvig v. Lopez, 185 Or. 301, 202 P.2d 935 (1949).
We are of the opinion, however, that the motion picture was improperly admitted into evidence because it was one depicting excruciating pain and suffering rather than attempting to reveal the actual state of the injuries. The nature of this film was more likely to inflame and prejudice the jury rather than to serve any evidentiary purpose. Hrabak v. Madison Gas & Electric Co., 240 F.2d 472 (7th Cir.1957). We think this to be particularly true here since there was an abundance of competent medical evidence describing the injuries of the plaintiff. The film was cumulative evidence not necessary to the suit and should have been rejected as evidence since it was more likely to prejudice the jury than to enlighten it.
The appellant's final assignment of error is that the court erred in instructing the jury that J.E. Chrestman was entitled to damages for loss of society and compansionship of his daughter Donna Chrestman.
Mississippi, along with a majority of other states, does not consider loss of the society and companionship of a child as *817 an element in fixing the damages recoverable by a parent for injuries to a sibling. 59 Am.Jur.2d, Parent and Child, section 118 (1971). In Fowler Butane Gas Company v. Varner, 244 Miss. 130, 156, 141 So.2d 226, 236 (1962), in considering a similar question, Justice Rodgers stated:
We have reached the conclusion in the case of the parents, Mr. and Mrs. Charles Ray Varner, against defendants, appellants here, that the court should have granted the instruction above-mentioned with reference to punitive damages, because the facts, as above shown, do not warrant punitive damages, and moreover punitive and exemplary damages are not recoverable in a suit by parents for injury to a child except for seduction. An annotation of many cases on this point may be found in 37 A.L.R. 50, wherein it is said: "While there is contrary authority (vide infra), it has usually been held that if a minor sustains personal injuries under such circumstances of wilfulness, aggravation, or oppression as to justify an imposition of exemplary or punitive damages, upon the wrongdoer, the right of recovery thereof is in the child, and that there can be no recovery of the item by the parent in his own right." It is also said: "... that the measure of damages in a parent's action for injuries to a minor child, other than a case of seduction, is the actual damage which the plaintiff has suffered ..."
We are of the opinion that the trial court erred in granting the instruction permitting damages to J.E. Chrestman for loss of society and companionship of his daughter and on retrial this instruction should not be granted.
The assignments of error presented by the cross appeal are now moot in view of our conclusion that reversible error was committed in directing a verdict for the plaintiff.
The cause is reversed and remanded for a new trial.
Reversed and remanded.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.