Being unable to agree with the conclusion of the majority that appellants were *Page 833 
entitled to a directed verdict in this case, I am compelled to dissent.
It is my opinion that in reaching its conclusion, the majority ignores the fundamental rule relative to granting a directed verdict. The rule is well stated in Butler v. Chrestman,264 So.2d 812 (Miss. 1972), wherein we said:
 In this state all questions of negligence and contributory negligence are determined by the jury. Miss.Code 1942 Ann. § 1455 (1956). The rule relating to the propriety of granting a directed verdict or peremptory instruction has been announced many times by this Court. We said in Mock v. Natchez Garden Club, 230 Miss. 377, 382, 92 So.2d 562, 563 (1957):
 [T]hat if reasonable men might have a difference of opinion as to whether or not the negligence of the actor constituted a substantial factor in bringing about the injury, then the question is for the jury. We have also held repeatedly in cases too numerous to mention that upon a motion for a directed verdict all the facts expressly testified to, and all inferences necessarily and logically to be deduced therefrom, are to be taken as true in favor of the party against whom the motion is asked, and that a case should not be withdrawn from the jury unless the conclusion follows as a matter of law that no recovery can be had upon any view which can be properly taken of the facts which the evidence tends to establish, and further that if more than one reasonable inference can be drawn from the facts the question of negligence is for the jury. (Emphasis added). (264 So.2d at 815).
When the facts in this case are considered in the light of this rule, they clearly present a jury issue.
The majority opinion correctly states that testimony on behalf of Mrs. Sumrall establishes that she was permanently injured when she, through no fault of her own, slipped and fell when she stepped on a substance on the paved floor of the entrance to the J.C. Penney Store.
Mrs. Sumrall was entering the store to make a purchase, and the substance she stepped in was placed on the tile entrance to the store by a customer who became ill and vomited. The substance was of brownish color as was the tile. In the words of the janitor, Lee McDonald, it was "slick as okra." Appellants' clerks knew that the substance was on the floor, but no one warned Mrs. Sumrall of the danger.
In arriving at its conclusion that appellants were entitled to a directed verdict, the majority relies upon the testimony of Mrs. Mary Rhymes, and in so doing considers it in the light most favorable to appellants, instead of appellee, ignoring the fact that her testimony is contradicted by other witnesses. It is true that she testified that she saw the lady vomit and immediately went to the telephone and called Lee McDonald, who was then in the basement, to come and clean up the substance. She also testified that while she was hanging up the telephone, she saw Mrs. Sumrall approaching and yelled "look out." Just at that time Mrs. Sumrall was falling. It was her contention that she did not have time to do anything else, but her testimony in this regard is contradicted. Lee McDonald was in the basement when he received the telephone call. After receiving the call he testified that he had time to walk twenty steps from the telephone to the stairway, up the stairway, fourteen steps, get his mop from the utility room, get a box from another room, and walk about 90 feet to the front of the store before Mrs. Sumrall fell. After the accident McDonald in a statement estimated that about five minutes elapsed from the time he received the call until he reached the front of the store. He testified that before the trial he was timed as he went through those same procedures under the *Page 834 
direction of counsel for appellants and it took him about a minute and a half. Certainly if he had time to do these things, Mrs. Rhymes, after hanging up the telephone, had more than ample time to walk eight or ten steps and to place herself in a position to warn Mrs. Sumrall.
Mrs. Rhymes admitted that she had been instructed that when any liquid was on the floor she was to go to the place where the substance was located and cover it up in order to keep someone from getting hurt. If she had carried out these instructions, Mrs. Sumrall would not have been hurt.
The fact that the substance was placed on the floor by another customer does not excuse the appellants under the facts of this case. It is admitted they had actual knowledge of the existence of this dangerous situation; consequently, it then became their duty to use reasonable diligence to remedy the situation. In other words, it became their duty to take such reasonable care as should be taken by prudent men to prevent injury to appellee or to warn her of the danger. Appellants were aware of this duty and as a result had instructed Mrs. Rhymes what to do in such a situation. They established the standard of care employees should exercise in such a situation. Mrs. Rhymes did not carry out her instructions which would have prevented the fall and resulting injury, but instead chose to wait for the janitor to come up and clean up the substance. She attempts to excuse her failure to do as instructed by saying she did not have time to do anything other than telephone the janitor. The jury could have found from the evidence that more than a minute and a half elapsed from the time she completed the telephone call before Mrs. Sumrall fell. This was ample time for Mrs. Rhymes to have telephoned and then to have carried out her instructions. She also said she tried to warn Mrs. Sumrall by yelling "look out" but neither Mrs. Sumrall nor any other witnesses heard her do so. Under these circumstances, it is difficult to understand how it can be said that Mrs. Rhymes did all she could to correct the condition in the limited time she had to act.
It is also difficult to understand how the facts in this case support the statement in the majority opinion that:
 The testimony in this case shows that the manager, clerks and janitor of the J.C. Penney Company did all they could within the limited few seconds, after having knowledge of the dangerous situation, to eradicate the danger to customers and within seconds to go to the place of danger with a paper to cover the vomit.
When we consider the facts in this case in the light most favorable to Mrs. Sumrall, as we are required to do, it is clear that Mrs. Rhymes had ample time not only to call the janitor to come clean up the substance, but that she also had ample time to have then carried out her instructions or taken other precautions to warn people entering or leaving the store of the dangerous situation. Whether Mrs. Rhymes did all she could in the limited time to correct the situation was for the jury to determine and not for this Court. The limited time element was only one factor to be considered by the jury in determining whether appellants carried out their duty to take such reasonable care as should be taken by prudent men to correct this dangerous situation after it came to their attention.
For the reasons stated, it is my opinion that the facts of this case present a typical case for determination by the jury and I would so hold.
PATTERSON, SUGG and WALKER, JJ., join in this dissent. *Page 835