COFER, Justice,
for the Court:
Plaintiff-appellant, Mrs. Jackie L. Young, brought this suit in the Circuit Court of Lee County, against defendant-appellee Mrs. Lila Young. The suit was brought for the alleged wrongful death of Susan Renee Young, under Mississippi Code Annotated, section 11-7-13 (1972), for the benefit of appellant and her husband, parents of the child and the only persons entitled to damages, if any, under that statute. Defendant was the paternal grandmother of the child and is the mother-in-law of appellant. From a jury verdict for the defendant-ap-pellee, appellant has appealed, and assigns two errors:
1. Refusal of peremptory instruction requested by plaintiff on the issue of liability; and
2. Refusal of plaintiff’s motion for judgment non obstante veredicto.
Our examination of the appeal record compels us to the conclusion that the peremptory instruction on liability should have been granted and we so hold.
On June 23, 1977, appellee was about to go to a fried chicken dispensing place, and the child, Susan, then six years old, wanted to go with her but refused to ride in the cab of the appellee’s pickup insisting instead on riding in the pickup’s bed. Although the record is conclusive that Susan’s parents had protested, prior thereto, against appel-lee’s letting Susan ride in the pickup bed, appellee permitted her to take position on the right side of the pickup bed, another granddaughter eight years old, taking location on the left side thereof. Appellee’s brother went with appellee, occupying the passenger side of the cab. On the day and occasion of the accident, the road was dry and the weather was fair.
As they were returning going in a northerly direction on Highway No. 45, and descended into a long straight stretch of the highway, appellee was following behind an automobile. A pickup truck entered the highway ahead of the car and stalled, causing the car to come to a stop.
*861 Appellee’s brother, seeing the situation ahead, suddenly said to appellee, “look out,” and she tried to stop her pickup to avoid collision with the lead car, and the back end of her vehicle swerved to the right and part of the rear end left the pavement and went onto the right shoulder of the highway. She pulled the steering wheel toward the left, trying to stop the vehicle, to keep from going further on the right shoulder, and to get around the vehicles in front of her, and in doing so, she crossed over and went off the left highway embankment some ten feet deep and turned all the way over, the pickup coming to rest again on its wheels.
She testified that she had come to a complete stop, either on the highway pavement or shoulder or down the embankment, and heard a “loud bang,” and “it went over.”
It developed that her left front tire blew out, probably the “bang” she heard. The tire had blown out before, and, although advised by a repairman that the tire could not be repaired, it was patched nevertheless. The record is silent as to whether the blow-out on the present occurrence was in that patch or not.
The area of testimony most nearly amounting to a conflict is that wherein appellee either told a law enforcement officer that her foot slipped off the brake and landed on the accelerator or asked him if that might have happened. She said she knew that she was addled and might have made an affirmative statement to the officer.
In the accident Susan was thrown from the pickup bed and from injuries thereon received by her, she died.
The proof detailed herein was almost entirely given by appellee as an adverse witness or on direct testimony. There was no conflict for the jury to resolve, and the proof established that appellee was negligent as a matter of law in permitting Susan to ride in the pickup bed on the occasion, in driving with the patched tire, in not so operating her vehicle as to have and to keep a proper lookout, and to maintain an awareness of the presence of other vehicles on the road. Ulmer v. Pistole, 115 Miss. 485, 76 So. 522 (1917); Terry v. Smylie, 161 Miss. 31, 133 So. 662 (1931); Cinderella Foods v. Miller, 52 So.2d 641 (Miss.1951); Hankins v. Harvey, 248 Miss. 639, 160 So.2d 63 (1964); Tippit v. Hunter, 205 So.2d 267 (Miss.1967); Belk v. Rosamond, 213 Miss. 633, 57 So.2d 461 (1952); Avery v. Collins, 171 Miss. 636, 157 So. 695 (1934); and numerous other decisions digested in 3 Miss.Digest, Automobiles, section V., “Injuries from Operation, or Use of Highway.”
Mississippi Code Annotated, section 11 — 7— 17 (1972), provides that “All questions of negligence and contributory negligence shall be for the jury to determine.”
In cases where there is no issue of fact as to negligence, the court determines its existence as a matter of law. McGee v. Bolen, 369 So.2d 486, 493 (Miss.1979), and decisions there cited.
The cause is reversed and judgment will be entered here in appellant’s favor on ap-pellee’s liability and remanded for a new trial on the issue of damages only.
REVERSED AND RENDERED AS TO LIABILITY AND REMANDED FOR TRIAL AS TO DAMAGES.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and LEE, JJ., concur.
BOWLING, J., took no part.